DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a summary judgment issued by the Wood County Court of Common Pleas, in a case involving contractual obligations between the parties regarding certain tax assessments. Because we conclude that the trial court erred in granting summary judgment for appellee and in failing to grant summary judgment in favor of appellants, we reverse.
 {¶ 2} Appellants, Northwest Ohio Truck Brokers, Inc. ("NWO Truck"), Scott's Towing Company ("Scott's Towing"), Select Mattress Company ("Select Mattress"), and La Perla, Inc. ("La Perla"), contracted with appellee, USCA/USA Inc. ("USCA") to provide certain personnel services. USCA sued appellants, allegedly under the terms of their contracts, for reimbursement of a settlement amount paid to the Ohio Department of Taxation ("ODT") pursuant to a tax assessment. USCA also sought attorney fees. The parties filed cross motions for summary judgment and the following evidence was presented to the trial court.
 {¶ 3} In August 1998, the ODT issued a Notice of Assessment against USCA for alleged failure to pay sales taxes pertaining to transactions with 51 customers of USCA, including appellants. ODT claimed USCA owed taxes totaling $897,836.08, plus $155,527.39 in interest, and $134,675.41 in penalties. USCA objected to the assessment and asserted that some of the transactions were exempt by statute, i.e., those which were in writing and were for a term of one year or more.
 {¶ 4} After some discussions between ODT and USCA, ODT reduced the tax and interest amounts owed and waived any penalty. A letter from Robert C. Maier, the ODT Deputy Attorney General, involved with the discussions, including a proposed "settlement" amount which included a reduction in the taxes owed. The letter further stated that:
 {¶ 5} "The lump sum payment reflects a full reduction of the assessments at issue based on excluding those transactions that involve contract language previously found, however erroneously, to support a permanent assignment exception. Retained within the assessment are the transactions pertaining to oral contracts,[1] and other transactions pertaining to five written contracts that plainly lack a one-year provision as required by R.C. 5739.01(JJ)(3). * * *" Footnote one in the letter states "The consumers on those contracts are A E Quilting, Auto Connection, Centrapac, Good Display, and MidWestern Bulk Bag." In deposition testimony, Maier confirmed that the settlement amount was specifically calculated by excluding taxes allegedly related to the transactions of customers which had written contracts with a one year provision. The final judgment entry of settlement shows the amount to be paid, but does not identify which customers were excluded from the assessment.
 {¶ 6} USCA filed motions in limine and for summary judgment, stating that the letter was inadmissible under the "settlement negotiations" exclusion of Evid.R. 408. USCA argued that, since the settlement agreement placed on the record did not specify any particular customers, appellants were still responsible, under the indemnity provision of their contracts and R.C. 5139.01(JJ)(3)1, for payment of a share of the taxes owed under the initial assessment amount.
 {¶ 7} Appellants essentially all opposed appellee's motions, arguing that they had written contracts with the one year provision and were specifically excluded by the Maier ODT letter. Therefore, since they were not included in the assessment, they had no liability for any taxes and did not owe anything to USCA.
 {¶ 8} The trial court ultimately granted USCA's motion for summary judgment and denied appellants' summary judgment motions. The court specifically stated that it did not need to rule on the motion in limine, and found that there was "no genuine issue as to whether the Plaintiff paid the sales tax assessment and whether the Defendants' transactions were included therein." The trial court also later stated the it "is convinced that no consumers or transactions were removed from the assessment when the settlement was reached between USCA/USA, Inc. and the Ohio Tax Commissioner." The court further noted that, although it was declining to rule on the motion in limine, "[a]s to whether the Court considered the settlement negotiations in ruling upon the motions for summary judgment, the Court states that it has read the documents which the parties have filed and that in none of those documents does the Court find any evidence that specific transactions or consumers were removed or deleted from the assessment."
 {¶ 9} The trial court then pro-rated the taxes of each appellant in proportion to the reduction shown by the settlement amount and divided the amount of attorney fees submitted by USCA equally among the ten defendants in the suit. Appellants' apportioned tax amounts and attorney fees were awarded as follows:
 {¶ 10} Tax Attorney fees
 {¶ 11} NWO Truck $2,096.15 $7,361.89
 {¶ 12} Scott's Towing $6,042.22 $7,361.89
 {¶ 13} La Perla $4, 129.95 $7,361.89
 {¶ 14} Select Mattress $4, 947.20 $7,361.89
 {¶ 15} Appellants now appeal from that judgment and set forth the following assignments of error. Appellant NWO Truck argues the following two assignments:
 {¶ 16} "A. The trial court erred in granting Plaintiff USCA's motion for summary judgment against NW Truck, including the granting of costs and attorney's fees, and denying NW Truck's motion for summary judgment.
 {¶ 17} "B. The trial court erred in granting USCA's attorney's fees and costs against NW Truck."
 {¶ 18} Appellant Scott's Towing argues:
 {¶ 19} "[I.] The trial court erred in granting USCA's motion for summary judgment and denying Scott's Towing Co.'s motion for summary judgment.
 {¶ 20} "[II.] The trial court erred in awarding USCA attorney fees."
 {¶ 21} Appellant La Perla argues:
 {¶ 22} "1. The trial court erred in denying appellant's motion for summary judgment. As a matter of law, appellee failed to prove that it paid any sales tax on appellant's behalf and thus failed to establish a prima face case against appellants under Ohio Revised Code 5739.13(A) or for breach of contract.
 {¶ 23} "2. The trial court erred in granting appellee's motion for summary judgment. In granting appellee's motion, the trial court erroneously found that there was no evidence in the record showing that specific transactions or consumers were removed or deleted from the assessment. This finding is in direct contradiction to the deposition testimony of the attorney for the Ohio Department of Taxation.
 {¶ 24} "3. The trial court erred in awarding attorneys' fees and expenses against appellant despite appellee's failure to identify those fees and expenses that were actually incurred to litigate the contract between appellant and appellee."
 {¶ 25} Appellant Select Mattress argues:
 {¶ 26} "I. The trial court erred in awarding attorney's fees and expenses against Select Mattress Co. contrary to defendant's objections.
 {¶ 27} "II. The trial court erred in granting USCA/USA, Inc.'s motion for summary judgment and denying Select Mattress Co.'s motion for summary judgment.
 {¶ 28} "III. The trial court erred in granting appellee USCA/USA, Inc.'s motion for summary judgment regarding the statutory reimbursement of its sales tax assessment."
 I. NWO Truck, Scott's Towing, and La Perla
 {¶ 29} We will address NWO Truck's first assignment of error, Scott's Towing first assignment of error, and La Perla's first and second assignments of error together. Appellants all essentially argue that the trial court erred in granting summary judgment to USCA and in denying summary judgment as to each of them. We agree.
 {¶ 30} Appellate courts employ the same standard for summary judgment as trial courts. Civ.R. 56(C); Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. An appellate court reviews summary judgments de novo, however, independently and without deference to the trial court's determination. Brownv. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C); Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67.
 {¶ 31} A party opposing the motion is entitled to have all admissible evidence construed most favorably in his behalf.Williams v. First United Church of Christ (1974),37 Ohio St.2d 150, 152. Thus, if the party opposing a motion for summary judgment can show, through affidavits, depositions, or otherwise, being construed most strongly in his favor, that he has presented a genuine issue of a material fact about which reasonable minds could differ, that party is entitled to have the motion for summary judgment denied. See id.
 {¶ 32} In this case, although the trial court did not rule on whether the ODT letter was admissible at trial, it clearly considered it as evidence for the purposes of summary judgment. Evid.R. 408 provides that:
 {¶ 33} "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Offers of compromise or settlement negotiations are generally inadmissible. Sherer v.Piper Yenney (1875), 26 Ohio St. 476, paragraph one of the syllabus.
 {¶ 34} Where a statement is not made in the context of an offer of compromise, however, it is not granted the protection of the exclusionary rule contained in Evid.R. 408. See Leffingwellv. Wal-Mart (Nov. 20, 1995), 4th Dist. No. 95CA13, citing toHanson v. Waller (C.A.11, 1989), 888 F.2d 806, 814 (applying Fed.Evid.R. 408 which mirrors Ohio's Evid.R. 408). In addition, Evid.R. 408 is applicable only to bar the admission of evidence which is offered to show "that because a settlement offer was made, the offeror must be liable, because people don't offer to pay for things for which they are not liable." Boyle v. DaimlerChrysler Corp., 2d Dist. No. 2001-CA-81, 2002-Ohio-4199, at ¶ 95. In other words, Evid.R. 408 does not bar information from settlement negotiations when it is offered for another purpose and not to prove liability against one of the parties to the negotiations.
 {¶ 35} In this case, the ODT letter simply indicates which transactions it would retain in the payment for the assessment. Although it reduced the payment originally assessed, the basis for the reduction was the removal of some transactions, not simply a general offer to reduce the amount owed. In addition, appellants do not seek to use the information to establish or enforce liability for payment of taxes against USCA. Rather, appellants sought to demonstrate that, in calculating the amount represented by the settlement, the Tax Commissioner removed their companies from the transaction list, and, thus, excluded any tax amounts which would have been paid on their behalf. The fact that this information was not included in the actual settlement judgment entry is irrelevant to the issue of how the amount was determined and whether it included taxes related to appellants' accounts with USCA. In addition, this information was arguably discoverable as business correspondence between USCA and the tax commissioner, and, apparently, was not protected as confidential. Consequently, in our view, the ODT letter and information falls outside the scope of Evid.R. 408.
 {¶ 36} We will now determine appellants' obligations under the terms of their contracts with USCA. If a contract is unambiguous, its interpretation is a matter of law unaccompanied by the need for factual determinations. Alexander v. BuckeyePipe Line Co. (1978), 53 Ohio St.2d 241, 246.
 {¶ 37} In this case, the indemnification clause in each contract stated:
 {¶ 38} "Client agrees to reimburse USCA/USA any costs incurred should any state, city, or other local governmental body charge a sales tax, or similar tax on all or on any portion ofthe invoice amount submitted to client for USCA/USA'sservices." (Emphasis added.) Thus, the clear and unambiguous terms of the contract contemplate that appellants would be required to reimburse USCA for taxes actually paid which directly related only to their own individual invoices. It would be an illogical and unreasonable interpretation of this clause to mean that the client would pay for taxes which were ultimately not required to be paid by USCA, or that they should be required to pay a share of taxes assessed on other clients' accounts.
 {¶ 39} In this case, the question is not whether the initial assessment document was officially changed or reduced. The real issue is whether USCA's settlement amount included taxes paid on behalf of appellants, NWO Truck, Scott's Towing, and La Perla. The trial court erroneously viewed the settlement amount as if the ODT had merely reduced the overall original amount by some arbitrary percentage or other secret calculation. Our review of the record reveals that this finding is simply not supported by the record. The ODT letter and Deputy Attorney General Maier's testimony provided undisputed, credible evidence that the settlement amount was directly related to the retention of some customer transactions and the deletion of others. According to the letter and testimony, the only customers retained in and covered by the settlement amount were those with oral contracts, or the five companies specifically named which had written contracts without a specified duration.
 {¶ 40} It is also undisputed that NWO Truck, Scott's Towing, and La Perla had written contracts with one year provisions and were not listed as one of the five companies with transactions retained under the settlement proposal. Therefore, it is irrelevant whether or not appellants' contracts actually met the requirements for exclusion under R.C. 5739.01(JJ)(3), because the decision to exclude certain customers was made by the ODT. Thus, none of the tax settlement amount paid by USCA was related to any invoices for NWO Truck, Scott's Towing, and La Perla, and those three appellants are not contractually or statutorily liable for reimbursement of taxes to USCA. Consequently, summary judgment should have been granted as to those parties. Therefore, we conclude that the trial court erred in granting summary judgment in favor of USCA as to these three appellants.
 {¶ 41} Accordingly, NWO Truck's first assignment of error, Scott's Towing's first assignment of error, and La Perla's first and second assignments of error are all well-taken.
Select Mattress
 {¶ 42} In its second and third assignments of error, Select Mattress argues that the trial court erred in granting summary judgment to USCA and in denying its motion for summary judgment. On appeal, Select Mattress argues that it had only an oral contract, and should be excluded because any terms to enforce reimbursement or attorney fees were never agreed to by the parties. Since this argument was never presented to the trial court, we decline to address it for the first time on appeal. SeeMills-Jennings of Ohio, Inc. v. Dept. of Liquor Control (1982),70 Ohio St.2d 95, 99. Therefore, we will address the arguments presented to the trial court in Select Mattress's motion for summary judgment.
 {¶ 43} In its motion for summary judgment, Select Mattress argued that USCA could not prove "that it paid any sales tax on behalf of Select Mattress Co." It also argued that, like "defendants High Tech Packaging, Inc., D.A.D.S., Inc. * * * La Perla, Inc., * * *," who had written contracts, it had been specifically excluded from the ODT settlement amount paid by USCA. In its answer, Select Mattress admitted to the facts contained in paragraph 124 of USCA's complaint, which stated as follows:
 {¶ 44} "On March 1, 1995, USCA and Select Mattress entered into a contract whereby USCA agreed to provide the Services to Select Mattress in exchange for monetary consideration (the "Select Mattress Contract"). An accurate copy of the Select Mattress Contract is attached hereto as Exhibit M." Exhibit M was, in fact, a copy of a written contract which covered a period of one-year which contained the type-written names of the representatives of the parties. Although the copy attached was unsigned, by USCA's complaint and Select Mattress's admission, the record contains undisputed evidence that Select Mattress had a written one-year contract with USCA.
 {¶ 45} As we determined previously, the ODT letter specifically designated the five customers with written contracts which were still included in the settlement. Select Mattress was not one of those customers. Therefore, the record demonstrates that the transactions pertaining to Select Mattress were also not retained within the settlement amount. Consequently, the trial court erred in granting summary judgment against Select Mattress and should have granted summary judgment in its favor against USCA.
 {¶ 46} Accordingly, Select Mattress's second and third assignments of error are well-taken.
 II. {¶ 47} All parties also argue in their remaining assignments of error that the trial court erred in granting attorney fees against them. As we noted previously, USCA's settlement amount did not include taxes paid on behalf of appellants. Therefore, under the terms of their contracts, they were responsible only for costs related to taxes paid related to "the invoice amount submitted to client for USCA/USA's services." Thus, any attorney fees were related only to the customers who were retained in the settlement, and the trial court erred in awarding attorney fees to USCA against appellants.
 {¶ 48} Accordingly, NWO Truck's second assignment of error, Scott's Towing's second assignment of error, La Perla's third assignment of error, and Select Mattress's first assignment of error are all well-taken.
 {¶ 49} Pursuant to App.R. 12(B), we grant summary judgment in favor of Northwest Ohio Truck Brokers, Inc., Scott's Towing Company, La Perla, Inc., and Select Mattress Company, as to reimbursement of any taxes related to the original tax assessment.
 {¶ 50} The judgment of the Wood County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J., Skow, J., Parish, J. Concur.
[1] R.C. 5139.01(JJ)(3) provides that "employment service" does not include "* * * (3) Supplying personnel to a purchaser pursuant to a contract of at least one year between service provider and purchaser that specifies that each employee covered under the contract is assigned to the purchaser on a permanent basis."