[Cite as *Princess Kim, L.L.C. v. U.S. Bank, N.A.*, 2015-Ohio-4472.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PRINCESS KIM LLC, et al.

    Appellants

    v.

U.S. BANK, NATIONAL ASSOCIATION

    Appellee

C.A. No.     27401

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2012 12 6581

DECISION AND JOURNAL ENTRY

Dated: October 28, 2015

CARR, Judge.

{¶1} Appellants Farhad Sethna, Kim Sethna, and Princess Kim, LLC (collectively "Princess Kim") appeal the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Princess Kim secured financing in the amount of $420,000.00 from appellee U.S. Bank, N.A. to purchase an apartment building in Akron, Ohio. Princess Kim executed a note and mortgage in favor of U.S. Bank. The note contained a provision providing for a prepayment penalty. After paying on the note for three years, Princess Kim wanted to pay off the loan prior to its term without assuming any penalty and believed that its discussions with a bank representative effectuated the waiver of any prepayment penalty. When Princess Kim sought to later pay off the loan without assuming a prepayment penalty, U.S. Bank informed it that the prepayment penalty remained in effect. Princess Kim filed a complaint seeking a declaration

that the parties had modified the loan documents to allow for prepayment of the loan without any penalty. The bank answered.

{¶3} Princess Kim subsequently obtained leave to file an amended complaint in which it realleged its claim for declaratory judgment and alleged a claim for fraud in the inducement. For the first time, Princess Kim demanded a trial by jury in the action. U.S. Bank answered the amended complaint and raised multiple defenses, including, but not limited to, the parol evidence rule, the statute of frauds, the lack and failure of consideration, and lack of justifiable reliance. U.S. Bank filed a motion for judgment on the pleadings, which the trial court denied after all parties had briefed the issue. The matter was scheduled for trial.

{¶4} U.S. Bank filed a motion to strike Princess Kim's jury demand, and Princess Kim responded in opposition. The trial court granted the motion to strike and scheduled the matter for a bench trial. At the conclusion of trial, the parties submitted post-trial briefs in lieu of closing arguments. The trial court entered judgment in favor of U.S. Bank on both of Princess Kim's claims raised in the amended complaint. Princess Kim appealed and has raised three assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE COURT ERRED IN ITS ORDER DATED OCTOBER 17, 2013, BY
STRIKING PLAINTIFF'S DEMAND FOR TRIAL BY JURY.

{¶5} Princess Kim argues that the trial court erred by striking its demand for a jury trial. This Court disagrees.

{¶6} Both Article I, Section 5 of the Ohio Constitution and Civ.R. 38(A) provide that the right to a trial by jury is inviolate. A demand for jury trial must be timely made, "not later than fourteen days after the service of the last pleading directed to such issue." Civ.R. 38(B).

"Failure to make a timely demand amounts to a waiver of the right. Civ.R. 38(D). An amended pleading that raises no new issues does not renew a party's right to demand a trial by jury within fourteen days of serving the pleading." *Burke v. Gammarino*, 108 Ohio App.3d 138, 142 (1st Dist.1995).

{¶7} Princess Kim argues that the trial court erred by concluding that it had raised no new issues in its amended complaint. The trial court, however, expressly found that the amended complaint did raise new issues and did not strike the jury demand on that basis. Princess Kim's argument in this regard, therefore, is not well taken.

{¶8} U.S. Bank premised its motion to strike Princess Kim's demand for a jury trial in part on the parties' contractual waiver of a jury trial in cases of a dispute. The trial court granted the motion on that basis.

{¶9} The Ohio Supreme Court has recognized that parties may waive the right to a trial by jury without offending the constitutional protection. *Cassidy v. Glossip*, 12 Ohio St.2d 17 (1967), paragraph one of the syllabus ("Section 5 of Article I of the Ohio Constitution does not prevent a court from giving effect to a waiver of a jury trial by a party who has a right to a jury trial."). As long as circumstances do not indicate that the waiver was entered into unknowingly or involuntarily or that one party had no meaningful choice in the transaction but to agree to the jury waiver, such waivers "have routinely been upheld by courts in Ohio and elsewhere[.]" *Garcia v. Wayne Homes, LLC*, 2d Dist. Clark No. 2001 CA 53, 2002 WL 628619, *10 (Apr. 19, 2002).

{¶10} In this case, the note contains a jury waiver provision in Article 27, which states:

Waiver of Jury Trial. TO THE EXTENT PERMITTED BY LAW, THE BORROWER AND THE BANK HEREBY JOINTLY AND SEVERALLY WAIVE ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING RELATING TO ANY OF THE LOAN DOCUMENTS, THE

OBLIGATIONS THEREUNDER, ANY COLLATERAL SECURING THE OBLIGATIONS, OR ANY TRANSACTION ARISING THEREFROM OR CONNECTED THERETO. THE BORROWER AND THE BANK EACH REPRESENTES TO THE OTHER THAT THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY GIVEN.

{¶11} Additionally, the text of this article was in bold font. No party made any notations or deletions on the note as to the jury waiver provision. Moreover, Article 10 of the note, addressing "Additional Terms", is blank. Accordingly, there is no indication that the parties did not knowingly and voluntarily waive the right to a jury trial with regard to any disputes regarding the terms of the note.

{¶12} To the extent that Princess Kim argues that the trial court improperly refused to consider the parties' "discussion and agreement" at a pretrial conference addressing the filing of the amended complaint, we note that Princess Kim has not provided a transcript of the pretrial conference. Accordingly, this Court is compelled to presume regularity. *Wellington v. Kohut*, 9th Dist. Lorain No. 06CA008974, 2007-Ohio-766, ¶ 7. Finally, although Princess Kim asserts that "[r]egardless of the language set forth in that provision, * * * it is against public policy for the trial court to have denied trial by jury in this case[,]" it fails, however, to make any argument in support of that conclusion. As an appellant is charged with providing a roadmap to guide this Court in our review, "[w]e decline to chart our own course when, as in this case, an appellant fails to provide any guidance." *Akron v. Johnson*, 9th Dist. Summit No. 26047, 2012-Ohio-1387, ¶ 3, citing App.R. 12(A)(2).

{¶13} Princess Kim's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DID NOT APPLY THE DOCTRINE OF WAIVER TO ARTICLE 9 OF THE INSTALLMENT OR SINGLE PAYMENT NOTE EXECUTED BY PRINCESS KIM AND SETHNAS ON OCTOBER 2, 2007.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY REFUSING TO RECOGNIZE THAT ARTICLE 9 OF THE NOTED DATE OCTOBER 2, 2007, WAS WAIVED AND MODIFIED SUBSEQUENT TO EXECUTION.

{¶14} Princess Kim argues that U.S. Bank waived or orally modified the prepayment penalty provision in Article 9 of the note. Accordingly, it argues that the trial court erred by entering judgment in favor of the bank. This Court disagrees.

{¶15} At the conclusion of trial, the parties submitted post-trial briefs in which they presented their theories in support of their arguments for judgment in their respective favors. Princess Kim argued that it should prevail based on (1) the bank representative's apparent authority to modify the terms of the note, (2) the parties' oral modification of the terms of the note which resulted in the bank's waiver of the prepayment penalty provision, and (3) the plaintiffs' reliance on the modified terms of the note which overcame any lack of consideration for the modification. U.S. Bank in its post-trial brief also presented multiple theories in support of its argument for judgment in its favor. The bank argued that (1) the plain language of the note expressly prohibited oral modifications; (2) the parol evidence rule barred pre-loan statements, and no exception applied; (3) there was no consideration to support a modification; and (4) oral modifications to the note were barred by the statute of frauds, and no exception applied.

{¶16} The trial court entered judgment in favor of U.S. Bank on both of Princess Kim's claims primarily on the basis of the statute of frauds. Alternatively, and with less emphasis, the trial court concluded that both the plain language of the note and the lack of consideration to support a modification supported judgment in favor of the bank.

{¶17} On appeal, Princess Kim's arguments challenging the trial court's judgment can be synthesized as follows: (1) the bank breached its fiduciary duty to the company by failing to

explain the ramifications of the prepayment penalty clause, (2) the bank's representative had authority as its agent to modify the terms of the note, resulting in the bank's waiver of the prepayment penalty provision, (3) waiver by estoppel bars the bank from invoking the prepayment penalty provision, and (4) there was adequate consideration to support the oral modification of the note. Significantly, Princess Kim did not challenge the trial court's conclusion that U.S. Bank was entitled to judgment based on the court's conclusion that Princess Kim's claims were barred by the statute of frauds.

{¶18} To demonstrate reversible error, an aggrieved party must demonstrate both error and resulting prejudice. *In re P.T.*, 9th Dist. Summit No. 24207, 2008-Ohio-4690, ¶ 17, citing *Gries Sports Ents., Inc. v. Cleveland Browns Football Co., Inc.*, 26 Ohio St.3d 15, 28 (1986) ("In order to support reversal of a judgment, the record must show affirmatively not only that error intervened but that such error was to the prejudice of the party seeking such reversal."). Only error which affects or presumptively affects the final outcome of the case is prejudicial. *In re P.T.* at ¶ 17. As Princess Kim has not contested the trial court's conclusion that its claims were barred by the statute of frauds, i.e., the primary rationale that there was no valid modification of the Article 9 prepayment penalty provision, it cannot demonstrate reversible error. Accordingly, this Court must uphold the trial court's judgment on that unchallenged basis. *In re P.T.* at ¶ 15 (declining to address an argument regarding the first prong of the permanent custody test where the trial court made an alternate finding satisfying that prong and which fully resolved the issue); *see also Bryson v. Powers*, 9th Dist. Summit No. 16175, 1993 WL 525860, *1 (Dec. 8, 1993) (holding that the "judgment of a trial court should be affirmed if any valid grounds are found on review to support it."). Therefore, even if this Court accepted Princess Kim's arguments set

forth above, we could not reverse the trial court because valid alternative grounds exist to support the judgment.

**{¶19}** Princess Kim's second and third assignments of error are overruled.

## III.

**{¶20}** Princess Kim's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
MOORE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ARTHUR AXNER, Attorney at Law, for Appellant.

TIMOTHY C. SULLIVAN, Attorney at Law, for Appellee.