[Cite as *Wintrow v. Baxter-Wintrow*, 2018-Ohio-5311.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DON WINTROW

    Appellee

    v.

TRACIE BAXTER-WINTROW

    Appellant

C.A. No.    29021

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2005-09-3383

DECISION AND JOURNAL ENTRY

Dated: December 31, 2018

TEODOSIO, Presiding Judge.

{¶1}    Tracie Baxter-Wintrow appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, overruling her objections to the magistrate's decision and denying her motion for contempt. We affirm.

I.

{¶2}    This matter was initiated by Don Wintrow's complaint for divorce from Tracie Baxter-Wintrow in 2005, with a decree of divorce having been entered in 2007. A shared parenting plan for their minor child was filed in 2014. In June 2017, Mr. Wintrow filed a motion to modify the shared parenting plan, and in July 2017, Ms. Baxter-Wintrow filed a motion for contempt. A hearing was held before the magistrate who issued a decision denying both motions. The decision also determined that Ms. Baxter-Wintrow "shall have no one at her home during her parenting time with [the minor child] except for her infant grandson." The

magistrate's decision was adopted by the trial court, and Ms. Baxter-Wintrow subsequently filed her objections to the magistrate's decision.

{¶3} A transcript of the hearing before the magistrate was filed in January 2018; however, as the trial court noted, it is apparent that the transcript is incomplete. It commences mid-sentence as the magistrate is speaking and does not contain the testimony referenced in the magistrate's decision. On April 2, 2018, the trial court overruled Ms. Baxter-Wintrow's objections and entered judgment denying both Mr. Wintrow's motion to modify the shared parenting plan and Ms. Baxter-Wintrow's motion for contempt. Ms. Baxter-Wintrow now appeals, raising two assignments of error.

## II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE FACTORS IN R.C. 3109.051(D) BEFORE MODIFYING THE MOTHER'S PARENTING TIME.

{¶4} In her first assignment of error, Ms. Baxter-Wintrow argues the trial court erred in modifying her parenting time without considering the factors listed under R.C. 3109.051(D).

{¶5} Ms. Baxter-Wintrow failed to raise this argument before the trial court. "Issues that were not raised to the trial court may not be considered for the first time on appeal." *Rozhon v. Rozhon*, 9th Dist. Medina No. 05CA0075-M, 2006-Ohio-3118, ¶ 18. Accordingly, this Court will not address this line of argument.

{¶6} Ms. Baxter-Wintrow's first assignment of error is overruled.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN NOT ALLOWING THE MOTHER'S WITNESSES TO TESTIFY WHO HAD PERSONAL KNOWLEDGE OF THE CONTEMPT OHIO EVID. R.602. [sic]

**{¶7}** In her second assignment, Ms. Baxter-Wintrow argues the trial court erred by not allowing her witnesses to testify as to the issue of contempt. We disagree.

**{¶8}** "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18.

**{¶9}** A trial court possesses broad discretion with respect to the admission of evidence. *State v. Ditzler*, 9th Dist. Lorain No. 00CA007604, 2001 WL 298233, *2 (Mar. 28, 2001), citing *State v. Maurer*, 15 Ohio St.3d 239, 265 (1984). The Supreme Court of Ohio has held that the admission of evidence "lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 66, citing *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 62.

**{¶10}** In overruling Ms. Baxter-Wintrow's objections, the trial court found that the incomplete transcript in this matter contained no support for Ms. Baxter-Wintrow's arguments that she was unable to present evidence or that the evidence established that Mr. Wintrow was in contempt of court. The trial court went on to find that Ms. Baxter-Wintrow had not filed an affidavit in accordance with Civ.R. 53(D)(3)(b)(iii), which provides: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

**{¶11}** In her brief to this Court, Ms. Baxter-Wintrow has failed to support her arguments with citations to the record as required by App.R. 16(A)(7) and Loc.R. 7(B)(7). She has also failed to show that the trial court erred in overruling her objection on the basis of her failure to comply with Civ.R. 53(D)(3)(b)(iii).

**{¶12}** Ms. Baxter-Wintrow's second assignment of error is overruled.

III.

**{¶13}** Ms. Baxter-Wintrow's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

TRACIE BAXTER-WINTROW, pro se, Appellant.

DON WINTROW, pro se, Appellee.