[Cite as *Kane v. Inpatient Med. Servs., Inc.*, 2019-Ohio-1975.]

STATE OF OHIO       )
                         )ss:
COUNTY OF SUMMIT   )

|  |  |
|---|---|
| STATE OF OHIO     )<br>               )ss:<br>COUNTY OF SUMMIT  ) | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| KATE KANE<br><br>     Appellant<br><br>     v.<br><br>INPATIENT MEDICAL SERVICES, INC.,<br>et al.<br><br>     Appellees | C.A. No.     29087<br><br><br>APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO<br>CASE No.    CV 2017-04-1400 |

DECISION AND JOURNAL ENTRY

Dated: May 22, 2019

---

CARR, Judge.

{¶1}    Plaintiff-Appellant Kate Kane appeals from the judgments of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the matter for proceedings consistent with this opinion.

I.

{¶2}    Defendant-Appellee Inpatient Medical Services, Inc. ("IMS") provides hospitalist services to hospitals and post-acute facilities. A hospitalist is a physician who works on-site at a hospital practicing internal medicine. Ms. Kane was hired by IMS in June 2014 as the regional vice president of operations. Ms. Kane took leave under the Family Medical Leave Act ("FMLA") due to her pregnancies from June 29, 2015 to October 5, 2015, and November 21, 2016 to February 13, 2017. Prior to Ms. Kane's second FMLA leave, Defendant-Appellee Island Medical Management, LLC ("Island") purchased IMS. The purchase closed October 1, 2016. The morning Ms. Kane returned to work on February 13, 2017, Defendant Justin Meiser, the

vice president of finance of IMS, told Ms. Kane she was terminated as her position was being eliminated.

{¶3} In April 2017, Ms. Kane filed a complaint against IMS, Island, and Mr. Meiser alleging: (1) FMLA interference and retaliation; (2) gender discrimination; (3) discrimination in violation of public policy; and (4) promissory estoppel. In addition, Ms. Kane sought declaratory judgment and a preliminary injunction related to a non-compete agreement. Ms. Kane's complaint included a jury demand.

{¶4} Thereafter, IMS, Island, and Mr. Meiser filed a motion pursuant to Civ.R. 12(F) to strike Ms. Kane's jury demand based upon a waiver contained in Ms. Kane's employment agreement. The trial court granted the motion.

{¶5} All of the parties moved for summary judgment; IMS and Island filed a joint motion for summary judgment, whereas Mr. Meiser filed a separate motion. With respect to Ms. Kane's claim of FMLA interference, IMS and Island argued that Ms. Kane's claim failed because she was not entitled to reinstatement as her position was eliminated due to a reduction in force ("RIF"). As to Ms. Kane's FMLA retaliation claim, IMS and Island asserted that Ms. Kane could not demonstrate a causal connection between the FMLA leave and her termination, and thus failed to establish a prima facie case. Moreover, IMS and Island maintained that, even if she could demonstrate a prima facie case for FMLA retaliation, she could not show that IMS's reason for terminating her was pretextual.

{¶6} Ms. Kane responded in opposition to IMS's and Island's motion. Ms. Kane argued that she demonstrated that she was not restored to her original position. Further, while IMS and Island maintained that Ms. Kane's termination was part of a 15-20 RIF of IMS employees, Ms. Kane pointed to evidence contained in two unsigned separation agreements in

order to demonstrate that IMS's and Island's stated reason was erroneous and instead was a pretext. As to her claim for FMLA retaliation, Ms. Kane argued that because she was terminated on her first day back from FMLA leave, the only inference that can be made is that she was terminated for taking FMLA leave.

{¶7} In their reply brief, IMS and Island argued that the trial court should not consider the separation agreements Ms. Kane relied on in her brief in opposition because they were inadmissible under Evid.R. 408. With respect to the FMLA interference claim, IMS and Island again argued that Ms. Kane was not entitled to reinstatement and that she could not demonstrate IMS's and Island's stated reasons for her termination were a pretext. As to the FMLA retaliation claim, IMS and Island maintained that Ms. Kane could not establish a prima facie case and, even if she could, she could not demonstrate that the stated reason for her termination was pretextual.

{¶8} On June 1, 2018, the trial court awarded summary judgment to Mr. Meiser on Ms. Kane's complaint. On June 4, 2018, the trial court awarded summary judgment to IMS and Island on Ms. Kane's complaint. In the entry, the trial court concluded that exhibits 6 and 7, which were the separation agreements Ms. Kane cited in support of her brief in opposition to IMS's and Island's motion for summary judgment, were not admissible under Evid.R. 408. Therefore, it declined to consider them in rendering judgment.

{¶9} With respect to the FMLA interference claim, it appears the trial court determined that Ms. Kane was reinstated to her original position prior to her termination. Thus, the trial court concluded that Ms. Kane failed to demonstrate a prima facie case. As to the claim for FMLA retaliation, the trial court concluded that Ms. Kane failed to set forth a prima facie case. The trial court noted that IMS and Island argued that Ms. Kane was terminated pursuant to the

RIF, which was unrelated to her FMLA leave, and Ms. Kane made no argument in support of her claim, aside from her argument concerning temporal proximity.

{¶10}  Ms. Kane has appealed, raising four assignments of error for our review.  We note that in her notice of appeal, Ms. Kane specified that she was appealing from the June 4, 2018 entry granting summary judgment to IMS and Island and the order striking her jury demand.  In addition, Ms. Kane has not listed Mr. Meiser as an appellee on her docketing statement.  Accordingly, issues related to the June 1, 2018 entry awarding Mr. Meiser summary judgment are not before us.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN EXCLUDING EXHIBIT 6 AND EXHIBIT 7 FROM ITS CONSIDERATION OF THE MOTION FOR SUMMARY JUDGMENT.

{¶11}  Ms. Kane argues in her first assignment of error that the trial court erred in failing to consider exhibits 6 and 7 in ruling on the motion for summary judgment.

**Background**

{¶12}  The exhibits at issue are two documents labeled as "Separation Agreement and Release of Claims[.]"  Exhibit 6 is the unsigned separation agreement between an Advanced Healthcare Associates, LLP ("AHA") employee and AHA.  AHA was purchased by IMS in February 2015 and was part of the agreement when Island purchased IMS in October 2016.  AHA is an Indiana based entity which provides post-acute care with offices in Indiana and Kentucky.  Exhibit 6 included an appendix that lists employees of AHA and notes whether or not that person was selected for termination as part of the RIF.  The list denotes 14 employees of AHA terminated as part of the RIF.  The list does not include Ms. Kane.

{¶13} Exhibit 7 is the unsigned separation agreement between IMS and Ms. Kane. Exhibit 7 provides that the group of individuals covered by the RIF program included Ms. Kane and the chief executive officer.  No other IMS employees are described as being included in the RIF.

{¶14}  In her brief in opposition to IMS's and Island's motion for summary judgment, Ms. Kane pointed out that, in response to an interrogatory asking the reason why she was terminated, IMS and Island answered:  "Shortly after Island purchased IMS * * *, Island decided to conduct a reduction-in-force consisting of approximately 15-20 employees of *IMS*.  Plaintiff was included within this reduction-in-force due to the redundancy of her job duties." (Emphasis added.)   Ms. Kane then argued that information in the separation agreements supported the notion that Ms. Kane was not actually part of the RIF as she was not listed in the appendix to exhibit 6.  Ms. Kane asserted that such supported the notion that IMS and Island were not truthful about their reasons for terminating her.

{¶15}  In their reply brief, IMS and Island moved the trial court to not consider exhibits 6 and 7 as they asserted the documents were not admissible pursuant to Evid.R. 408.  IMS and Island did not assert that the exhibits were inadmissible for any other reason.  The trial court agreed with IMS and Island and refused to consider the evidence.

**Law**

{¶16}  "A trial court possesses broad discretion with respect to the admission of evidence."  *Wintrow v. Baxter-Wintrow,* 9th Dist. Summit No. 29021, 2018-Ohio-5311, ¶ 9. "The Supreme Court of Ohio has held that * * * a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice."  (Internal quotations omitted.)  *Id.*, quoting *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 66.

"Evidence submitted with a motion for summary judgment is proper only if the evidence is admissible at trial." (Internal quotations and citations omitted.) *Hudson Presbyterian Church v. Eastminster Presbytery*, 9th Dist. Summit No. 24279, 2009-Ohio-446, ¶ 19.

{¶17} Evid.R. 408 provides:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

{¶18} "Evid.R. 408 does not prohibit all testimony regarding settlements but rather, such evidence is admissible under the relevancy test set forth in Evid.R. 401 to impeach or show bias of a witness." *Scott v. Braun*, 7th Dist. Jefferson No. 94-J-13, 1995 WL 697836, *2 (Nov. 22, 1995); *see also Cummins v. Great Door & Supply, Inc.*, 7th Dist. Mahoning No. 02-CA-61, 2003-Ohio-4455, ¶ 20; *Taylor v. Davignon*, 8th Dist. Cuyahoga No. 79019, 2001 WL 1110338, *4 (Sept. 13, 2001) (concluding evidence of settlement was properly admitted to impeach witnesses credibility). "Indeed, Evid.R. 408 provides that evidence of settlement may be used for several purposes at trial * * *." *Ohio Consumers' Counsel v. Pub. Util. Comm.*, 111 Ohio St.3d 300, 2006-Ohio-5789, ¶ 92. "Evid.R. 408 is applicable only to bar the admission of evidence which is offered to show that because a settlement offer was made, the offeror must be liable, because people don't offer to pay for things for which they are not liable." (Internal quotations omitted.) *USCA/USA, Inc. v. High Tech Packaging, Inc.*, 6th Dist. Wood Nos. WD-

05-088, WD-05-089, 2006-Ohio-6195, ¶ 34, quoting *Boyle v. Daimler Chrysler Corp.*, 2d Dist. Clark No. 2001-CA-81, 2002-Ohio-4199, ¶ 95.

## Discussion

{¶19}  On appeal, Ms. Kane argues that exhibits 6 and 7 were offered "to rebut IMS's claimed defense that [Ms. Kane] was part of a 15-20 employee RIF from IMS."  Thus, it appears that Ms. Kane argues that the evidence was being offered to impeach IMS's and Island's explanation as to why she was terminated.  In response to the interrogatory requesting the reason for Ms. Kane's termination, IMS and Island answered that Ms. Kane was part of a RIF of approximately 15-20 IMS employees.  Exhibit 6 indicates 14 AHA employees were terminated due to a RIF and exhibit 7 indicates that Ms. Kane and another IMS employee were included in the RIF.  Ms. Kane is not included in the list of employees in exhibit 6.  Thus, exhibits 6 and 7 can be viewed to contradict the explanation for Ms. Kane's termination provided in the answer to the interrogatory.  The separation agreements do not appear to support that 15-20 IMS employees were subject termination because of a RIF.

{¶20}  We agree that the trial court abused its discretion in refusing to consider exhibits 6 and 7 in its determination of the motion for summary judgment.  Ms. Kane did not seek to rely on exhibits 6 and 7 to show that "because a settlement offer was made, the offeror must be liable[.]"  *USCA/USA, Inc.*, 2006-Ohio-6195, at ¶ 34.  In fact it seems that it is only incidental that the RIF information Ms. Kane seeks to utilize is contained in the separation agreements. Ms. Kane does not seek to disclose the terms of the agreements or really even the existence of a settlement agreement.  Instead, Ms. Kane seeks to demonstrate that IMS's and Island's proffered reason for termination was false.  This is impeachment evidence.  *See Scott*, 1995 WL 697836, at

*2. Further, in light of the fact that the reason for Ms. Kane's termination is a central fact in this matter, we also conclude Ms. Kane was prejudiced by the omission of the evidence.

{¶21} Ms. Kane's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS FOR KATE'S CLAIM OF FMLA INTERFERENCE. THERE ARE FACTUAL ISSUES AS TO WHETHER IMS' PROFFERED REASONS FOR FIRING KATE ARE TRUE. THE DEFENDANTS ARE LIABLE FOR FMLA INTERFERENCE BECAUSE THEY DID NOT RESTORE KATE TO HER ORIGINAL POSITION.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS FOR KATE'S CLAIM OF FMLA RETALIATION. THERE ARE FACTUAL ISSUES AS TO WHETHER IMS'S PROFFERED REASONS FOR FIRING KATE ARE TRUE. THE DEFENDANTS ARE LIABLE FOR FMLA RETALIATION BECAUSE THEY FIRED KATE THE DAY SHE RETURNED TO WORK AND NOT ON THE DATE THEY CLAIM THEY DECIDED ON THE RIF.

{¶22} Ms. Kane argues in her second assignment of error that the trial court erred in granting summary judgment to IMS and Island on her claim of FMLA interference. Ms. Kane argues in her third assignment of error that the trial court erred in granting summary judgment to IMS and Island on her FMLA retaliation claim.

{¶23} In light of the fact that this Court has concluded that the trial court improperly excluded exhibits 6 and 7 from its consideration in ruling on the motion for summary judgment, we conclude that the trial court must first consider that evidence, along with the remainder of the evidence, and then determine whether summary judgment was appropriate. This Court is mindful that it is a reviewing court and it is not its role to consider arguments and evidence that were not first considered by the trial court. *See McAllister v. Myers Industries, Inc.*, 9th Dist.

Summit No. 29040, 2019-Ohio-773, ¶ 23 ("This Court is a reviewing Court, and as such, we would be exceeding the scope of our role if we were to consider this in the first instance.").

**{¶24}** Ms. Kane's second and third assignments of error are sustained to the limited extent that we conclude that the trial court erred in awarding summary judgment without considering exhibits 6 and 7 in its review.

## <u>ASSIGNMENT OF ERROR IV</u>

THE TRIAL COURT ERRED IN STRIKING THE JURY DEMAND.

**{¶25}** Ms. Kane argues in her fourth assignment of error that the trial court erred in striking her jury demand. Ms. Kane argues that the jury trial waiver in her employment agreement did not encompass her claims and that her right to a jury trial was not voluntarily, knowingly, and intelligently waived. Ms. Kane has not argued that the presence of a jury trial waiver in an employment agreement is inherently problematic.

**{¶26}** The waiver at issue is contained in Ms. Kane's employment agreement. It reads:

> **Waiver of Jury trial.** EACH PARTY HERETO ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY WHICH MAY ARISE UNDER THIS AGREEMENT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES, AND THEREFORE EACH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT SUCH PARTY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS AGREEMENT AND ANY OF THE AGREEMENTS DELIVERED IN CONNECTION HEREWITH OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY.

(Emphasis in original.)

**{¶27}** Ms. Kane asserts that her discrimination claims fall outside the scope of the waiver because the waiver does not expressly reference discrimination claims. Ms. Kane has not pointed to any authority that would require that a jury trial waiver be that specific in order to be valid. *See* App.R. 16(A)(7). Undoubtedly, the waiver provision is broad. It encompasses "any

litigation directly or indirectly arising out of or relating to this agreement and any of the agreements delivered in connection herewith or the transactions contemplated hereby or thereby." This Court must conclude that Ms. Kane's claims alleging discriminatory termination at the very least indirectly arise out of or relate to Ms. Kane's employment agreement. The employment agreement defines the parties' employment relationship and includes a section concerning termination. Ms. Kane's claims of discriminatory termination necessarily arise out that employment relationship.

{¶28} Ms. Kane additionally argues that she did not voluntarily, knowingly, and intelligently waive her right to a jury trial.

{¶29} "Both Article I, Section 5 of the Ohio Constitution and Civ.R. 38(A) provide that the right to a trial by jury is inviolate." *Princess Kim, L.L.C. v. U.S. Bank, N.A.*, 9th Dist. Summit No. 27401, 2015-Ohio-4472, ¶ 6. Nonetheless, "[t]he Ohio Supreme Court has recognized that parties may waive the right to a trial by jury without offending the constitutional protection." *Id.* at ¶ 9, citing *Cassidy v. Glossip*, 12 Ohio St.2d 17 (1967), paragraph one of the syllabus. "As long as circumstances do not indicate that the waiver was entered into unknowingly or involuntarily or that one party had no meaningful choice in the transaction but to agree to the jury waiver, such waivers have routinely been upheld by courts in Ohio and elsewhere[.]" (Internal quotations omitted.) *Princess Kim, L.L.C.* at ¶ 9, quoting *Garcia v. Wayne Homes, LLC*, 2d Dist. Clark No. 2001 CA 53, 2002 WL 628619, *10 (Apr. 19, 2002).

{¶30} Federal courts often use a five-factor test in evaluating whether a jury waiver was entered into knowingly, voluntarily, and intelligently; this test has also been used in cases involving waivers contained in employment agreements. *See Hooper v. Ideal Image Dev. Corp.*, M.D.Florida No. 8:14-CV-2778-T-30EAJ, 2015 WL 1508494, *1 (Apr. 1, 2015). Under this

test, courts consider "1) the conspicuousness of the provision of the contract; 2) the level of sophistication and experience of the parties entering into the contract; 3) the opportunity to negotiate terms of the contract; 4) the relative bargaining power of each party; and 5) whether the waiving party was represented by counsel." *Id.* "No single factor is determinative; rather, the Court must determine whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." (Internal quotations and citations omitted.) *Id.*

{¶31} We note that while the provision appears towards the end of the agreement, the provision is nonetheless conspicuous as it appears in all capital letters while most of the agreement does not. *See id.* Ms. Kane has not argued she was unaware that the provision was in the agreement. Ms. Kane is a college-educated professional with experience negotiating contracts. *See id.* In fact, there was evidence that Ms. Kane negotiated a higher salary prior to accepting an offer of employment. There was no evidence presented that would indicate Ms. Kane did not have a meaningful choice with respect to the waiver. *See Princess Kim, L.L.C.*, 2015-Ohio-4472, at ¶ 9. And while the record does not indicate whether Ms. Kane was represented by counsel at the time she was offered a job, the employment agreement does contains a clause indicating that Ms. Kane "had the opportunity for th[e] Agreement to be reviewed by counsel[.]" *See Hooper* at *1. Ms. Kane's mere assertions that she did not understand she would be waiving her right to a jury trial for these claims is insufficient under the circumstances to demonstrate that the waiver was not entered into voluntarily, knowingly, and intelligently. We cannot say that the waiver is unduly complicated or confusing such that someone of Ms. Kane's background would not have understood the scope of the right she was waiving.

**{¶32}** Ms. Kane's fourth assignment of error is overruled.

III.

**{¶33}** Ms. Kane's first assignment of error is sustained. Ms. Kane's second and third assignments of error are sustained to the extent discussed above. Ms. Kane's fourth assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRETT M. MANCINO, Attorney at Law, for Appellant.

ROBERT E. BLACKHAM, PAUL L. JACKSON, and NATHAN PANGRACE, Attorneys at Law, for Appellee.