[Cite as *Thomas v. Thomas*, 2014-Ohio-1714.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| DAVID B. THOMAS | | C.A. No.        27153 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARVIN THOMAS, et al. | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No.      13 CVI 02922 |

DECISION AND JOURNAL ENTRY

Dated: April 23, 2014

WHITMORE, Judge.

{¶1}  Plaintiff-Appellant, David Thomas, appeals from the judgment of the Akron Municipal Court, Small Claims Division, dismissing his complaint for failure to state a claim. This Court affirms.

I

{¶2}  Thomas filed a pro se complaint against two of his siblings ("the Siblings") in the Akron Municipal Court, Small Claims Division.  Subsequently, Thomas filed two motions to transfer his case from the Small Claims Division to the regular docket.  The court denied his request, citing Loc.R. 37 which provides that a case may be transferred from the Small Claims Division to the regular docket: (1) "upon motion of the [c]ourt," (2) "upon motion of a defendant," or (3) "upon the filing of a counterclaim in an amount greater than the jurisdiction of the Small Claims Division."

**{¶3}** At a subsequent hearing, the Siblings orally moved to dismiss Thomas' complaint for failure to state a claim. The court granted the motion and dismissed the case. Thomas now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED WHEN IT DISMISSED MY CASE FOR LACK OF A COGNIZABLE CLAIM PLEADED WITHIN MY COMPLAINT. (Sic.)

**{¶4}** In his sole assignment of error, Thomas argues that the court erred in dismissing his pro se complaint for failure to state a claim. We disagree.

**{¶5}** An order granting a motion to dismiss for failure to state a claim is subject to a de novo review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. "In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint." *Id.*

**{¶6}** Ohio is a notice-pleading state. *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, ¶ 23 (Brown, C.J., dissenting). The pleading rule requires that the complaint contain "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(A). "The purpose of the pleading rules is to provide opposing parties with notice of the claims and defenses against them so they have a fair opportunity to respond." *Kryder v. Kryder*, 9th Dist. Summit No. 25665, 2012-Ohio-2280, ¶ 16.

**{¶7}** "This Court has held that pro se litigants are 'presumed to have knowledge of the law and correct legal procedures so that [they] remain[ ] subject to the same rules and procedures to which represented litigants are bound.'" *Akron v. Prince*, 9th Dist. Summit No. 26713, 2013-Ohio-2671, ¶ 8, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3.

However, pro se motions and pleadings should be liberally construed so as to decide the issues on the merits, if possible. *Sherlock* at ¶ 3.

{¶8}    Thomas' complaint, in its entirety, says that "my siblings have excluded me from participating in the funeral arrang[e]ments of my parents and they would not let me see the will of my mom.  Etc.  Feb 2012 [and] April 2013 – I want $3000[.]"  On appeal, Thomas argues that he stated a cause of action for intentional infliction of emotional distress.  We disagree.

{¶9}    "In a case for intentional infliction of emotional distress, a plaintiff must prove (1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress."  *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410 (1994).  Even construing Thomas' complaint liberally, it fails to allege facts that support a claim of intentional infliction of emotional distress. Thomas' complaint does not mention intentional infliction of emotional distress and nowhere in his complaint does he allege that he has suffered emotional distress, a necessary element in the cause of action he pleaded. Therefore, we conclude that the court did not err in granting the Siblings' motion to dismiss for failure to state a claim.

{¶10}  Thomas' sole assignment of error is overruled.

III

{¶11}  Thomas' assignment of error is overruled.  The judgment of the Akron Municipal Court, Small Claims Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT


BELFANCE, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

DAVID THOMAS, pro se, Appellant.

MARVIN THOMAS, pro se, Appellee.

JOSEPHINE JONES, pro se, Appellee.