[Cite as *Chaffee Chiropractic Clinic, Inc. v. Stiffler*, 2017-Ohio-7790.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

CHAFFEE CHIROPRACTICE CLINIC, INC.

    Appellee

    v.

ERIN STIFFLER, et al.

    Appellants

C.A. No.    16AP0033

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2015 CVC-H 000275

DECISION AND JOURNAL ENTRY

Dated: September 25, 2017

CALLAHAN, Judge.

{¶1} Kenneth, Stephanie, and Erin Stiffler appeal from the judgment of the Wayne County Court of Common Pleas denying the Stifflers' motion for judgment on the pleadings and granting Chaffee Chiropractic Clinic, Inc. ("Chaffee Chiropractic") summary judgment. This Court affirms.

I.

{¶2} In September 2011, Erin Stiffler suffered injuries as a result of an automobile accident caused by a third party. Kenneth and Stephanie Stiffler are Erin's parents. Following the accident, Erin sought and received treatment at Chaffee Chiropractic. Mrs. Stiffler and Erin signed Chaffee Chiropractic's financial policy concerning payment for the treatments.

{¶3} Later, Erin went to the hospital where she was diagnosed with a vertebral compression fracture. She then ceased treatment with Chaffee Chiropractic for a period of time. In January 2012, Erin resumed her treatments with Chaffee Chiropractic.

**{¶4}** Chaffee Chiropractic billed and was paid for a period of time by the third party's insurer. In March 2013, the third party's insurer sent a letter to Chaffee Chiropractic stating that no further payments would be made for Erin's treatment. Mr. Stiffler was copied on the letter. The final payment from the third party's insurer covered services through part of November 2012.

**{¶5}** Erin continued to receive treatments from Chaffee Chiropractic. In April 2013, Chaffee Chiropractic set up a new account number for Erin's treatments going forward. In June 2013, Chaffee Chiropractic sent patient statements to the Stifflers' address for both accounts. The first account statement covered services from September 26, 2011 to April 22, 2013 and showed an account balance of $8,425. The second account statement covered services from April 26, 2013 to June 5, 2013 and showed an account balance of $0. Chaffee Chiropractic continued to send statements seeking the balance on the first account, which the Stifflers did not pay.

**{¶6}** In June 2015, Chaffee Chiropractic sued the Stifflers seeking the unpaid balance on the first account. In its complaint, Chaffee Chiropractic alleged that the Stifflers had been unjustly enriched and owed it money on an account.[1]

**{¶7}** The Stifflers answered, denying most of the allegations in the complaint. They admitted that Erin was a minor in September 2011 and that Chaffee Chiropractic had made a

---

[1] The complaint is divided into three claims for relief, but the headings do not identify the theories of recovery. On appeal, Chaffee Chiropractic states that it brought claims for "quantum meruit, unjust enrichment, and outstanding payment(s) due upon account." This Court has previously noted, "The elements of unjust enrichment and quantum-meruit are identical." *Coyne v. Hodge Constr., Inc.*, 9th Dist. Medina No. 03CA0061-M, 2004-Ohio-727, ¶ 5, fn. 3. Accordingly, this Court treats the complaint as raising two claims.

demand for payment. They raised the following defenses: (1) the complaint failed to state a claim upon which relief could be granted; (2) Erin, as a minor, was incompetent to enter a contract; (3) the charges were unnecessary; (4) the charges were unreasonable; (5) the exhibit to the complaint was not an account; and (6) estoppel. They also asserted a counterclaim alleging that Chaffee Chiropractic's "employees told [them] that treatment charges would be billed and paid by the insurance company that provided insurance coverage for the person at fault in the accident."

{¶8} Chaffee Chiropractic moved for summary judgment on its claims and the Stifflers' counterclaim. The Stifflers opposed the motion for summary judgment and also moved for judgment on the pleadings. The trial court granted Chaffee Chiropractic's motion for summary judgment and denied the Stifflers' motion for judgment on the pleadings.

{¶9} The Stifflers appeal, raising nine assignments of error. For ease of analysis, this Court combines and reorders several of the assignments of error.

II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING [THE] STIFFLERS' MOTION FOR JUDGMENT ON THE PLEADINGS FOR THE REASON [THAT CHAFFEE CHIROPRACTIC] FAILED TO PLEAD THAT PERSONS WERE LICENSED TO PERFORM CHIROPRACTIC SERVICES; COMPLAINT FAILED TO STATE A VALID CLAIM.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING [] CHAFFEE [CHIROPRACTIC'S] MOTION FOR SUMMARY JUDGMENT WHERE THERE WAS A FAILURE OF PROOF THAT THE CHIROPRACTIC SERVICES WERE PERFORMED BY PERSONS LICENSED TO PERFORM CHIROPRACTIC SERVICES.

{¶10} The Stifflers base their first and second assignments of error on the licensing requirements for chiropractors explaining that, without a proper license, any contract for chiropractic services is illegal. In their first assignment of error, they contend that, because Chaffee Chiropractic did not plead in its complaint that its providers were licensed, the Stifflers were entitled to judgment on the pleadings. In their second assignment of error, they contend that Chaffee Chiropractic failed to present proof that its providers were properly licensed and, therefore, was not entitled to summary judgment. This Court disagrees.

{¶11} The resolution of these two assignments of error revolves around Ohio's pleading rules. The Stifflers contend that Chaffee Chiropractic failed to plead and establish a "necessary element" of its claim. Notably, the Stifflers do not allege the providers were unlicensed, but only that Chaffee Chiropractic failed to plead or present evidence of their licensure, and therefore, "any contract, express or implied, is illegal and void." Chaffee Chiropractic counters that the Stifflers failed to assert the affirmative defense of "'illegality.'"

{¶12} In order that the parties have a fair opportunity to respond, Ohio's pleading rules require the parties provide notice of their claims and defenses to opposing parties. *Thomas v. Thomas*, 9th Dist. Summit No. 27153, 2014-Ohio-1714, ¶ 6. First, the complaint shall include "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). Then, the answer "shall state in short and plain terms the party's defenses to each claim asserted." Civ.R. 8(B). In addition:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, *illegality*, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds,

statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

(Emphasis added.)  Civ.R. 8(C).

{¶13} Contrary to the Stifflers' contentions, the legality of the contract is not a "necessary element" that Chaffee Chiropractic was required to plead and support with evidence. Rather, any alleged illegality of the contract is an affirmative defense that the Stifflers were required to plead in their answer.  A challenge to the legal authority to enter into a contract is a defense to enforcement of the contract. *Allen v. Johnson*, 9th Dist. Wayne Nos. 01CA0046 and 01CA0047, 2002-Ohio-3404, ¶ 22, *rev'd in part on other grounds*, 100 Ohio St.3d 276, 2003-Ohio-5889. *See also Cantleberry v. Holbrook*, 5th Dist. Richland No. 12CA75, 2013-Ohio-2675, ¶ 21 (An allegation that a contract is illegal is an affirmative defense).  The party seeking to avoid an obligation on the theory that the contract is illegal bears the burden of proving its illegality. *Cantleberry* at ¶ 21.  Because any alleged illegality of the contract was an affirmative defense, Chaffee Chiropractic did not have to plead or prove the legality of the contract in order to avoid judgment on the pleadings or to be entitled to summary judgment.

{¶14}  The Stifflers' first and second assignments of error are overruled.

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT AGAINST ERIN STIFFLER WHERE SHE WAS A MINOR AND ANY CONTRACT WITH HER WAS VOID AS SHE DISAFFIRMED IT.

{¶15}  In their third assignment of error, the Stifflers argue that Erin could not be held liable for the charges because she disaffirmed any agreement for services.  This Court disagrees.

{¶16}  This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶17}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence of the type listed in Civ.R. 56(C). *Id*. at 292-293. If the moving party satisfies this burden, then the non-moving party has the reciprocal burden to demonstrate a genuine issue for trial remains. *Id.* at 293. The non-moving party may not rest upon the mere allegations or denials in their pleadings, but must point to or submit evidence of the type specified in Civ.R. 56(C). *Id*. at 293; Civ.R. 56(E).

**{¶18}** "'Contracts of an infant except those authorized by law, those entered into in performance of a legal duty and for the purchase of necessities, are voidable at the election of the infant and may be disaffirmed by him at any time before or within a reasonable time after reaching his majority.'" *Weiand v. Akron*, 13 Ohio App.2d 73, 75 (9th Dist.1968), quoting *Mestetzko v. Elf Motor Co*., 119 Ohio St. 575 (1929), paragraph three of the syllabus.

**{¶19}** The Stifflers argue that Erin disaffirmed any agreement for services by opposing the collection complaint filed by Chaffee Chiropractic. Chaffee Chiropractic responds that Erin did not disaffirm within a reasonable time after reaching the age of majority. Erin turned 18 on March 4, 2013. Upon turning 18, Erin did not disaffirm any agreement for services with Chaffee Chiropractic. Rather, she continued to treat (albeit under a different account number after April

26, 2013). She did not contest her liability for payment until filing an answer in this collection action on July 6, 2015. Under these circumstances, there is no genuine issue of fact that Erin did not disaffirm within a reasonable time of reaching the age of majority.

{¶20} The Stifflers' third assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 9

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT AGAINST THE STIFFLERS ON AN ACCOUNT.

{¶21} In their ninth assignment of error, the Stifflers argue that Mr. and Mrs. Stiffler could not be liable because the account listed only Erin.

{¶22} Generally, "an account must show the name of the party charged and detail a balance that is a provable sum." *Barberton Hosp. v. Hughes*, 9th Dist. Summit No. 26783, 2013-Ohio-5800, ¶ 7. *But see Mt. Sinai Hosp. of Cleveland v. McCurdy*, 8th Dist. Cuyahoga Nos. 38799 and 38800, 1979 WL 210165, (July 3, 1979) (finding father liable on medical account for child that was in mother's name). The account that Chaffee Chiropractic sought to collect on identifies "Erin Stiffler" as the patient and lists her name over the address. It does not list either Mr. or Mrs. Stiffler. Consequently, Mr. and Mrs. Stiffler contend that they cannot be held responsible for payment. This Court notes that an action on a medical account may be different than an ordinary action on account in that parents are generally primarily liable for their children's medical expenses. But, this Court finds it unnecessary to decide this issue in this appeal.

{¶23} Although the Stifflers only challenge their liability on an account under this assigned error, Chaffee Chiropractic moved for summary judgment based on both an account and unjust enrichment. This Court is "required to affirm the trial court's judgment if any valid grounds are found on appeal to support it." *McKay v. Cutlip*, 80 Ohio App.3d 487, 491 (9th

Dist.1992); *see also State ex rel. McGrath v. Ohio Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, ¶ 8 ("Reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous."). Thus, if the elements of unjust enrichment were met, this Court must affirm the trial court's decision.

**{¶24}** To succeed on a claim for unjust enrichment, a plaintiff must show that (1) it conferred a benefit upon the defendant; (2) the defendant knew of the benefit; and "(3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." *Magnum Steel & Trading, L.L.C. v. Mink*, 9th Dist. Summit Nos. 26127 and 26231, 2013-Ohio-2431, ¶ 42. "As a general principle, parents are expected to provide for the medical needs of their children. 'Since medical services constitute necessaries, a parent having custody of a child is * * * liable for the debt under an implied contract for the minor child's medical care because of the duty to support required by R.C. 3103.03.'" *Children's Hosp. Med. Ctr. v. Bradley*, 9th Dist. Summit No. 17723, 1996 WL 525854, *1, quoting *Univ. of Cincinnati Hosp. v. Cohen*, 57 Ohio App.3d 30, 31 (1st Dist.1989).

**{¶25}** In the present case, it is undisputed that Mr. and Mrs. Stiffler are the parents of Erin, who was a minor when treatments began. The Stifflers do not dispute that they knew the treatments were being provided. It is also undisputed that Erin received treatments that were not paid for by the third party's insurance. Both parties learned that the insurer had stopped paying at the same time. The unpaid amounts included treatments both before and after the letter from the third party's insurer. Under these circumstances, it would be unjust for the Stifflers to retain the benefit that they received in the treatment of their daughter without paying for the same.

**{¶26}** The Stifflers' ninth assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 6**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT BECAUSE THERE WERE QUESTIONS OF FACT AS TO WHETHER THE CHARGES FOR TREATMENTS TO ERIN [STIFFLER] WERE NECESSARY AND REASONABLE.

{¶27} In their sixth assignment of error, the Stifflers argue that a question of fact remains as to whether the Chaffee Chiropractic's charges were reasonable and necessary. This Court disagrees.

{¶28} The reasonableness of a charge for medical services is determined by the usual price paid for that type of service in the local community. *Miami Valley Hosp. v. Middleton*, 2d Dist. Montgomery No. 24240, 2011-Ohio-5069, ¶ 20. While this is generally a question of fact, "submission of the bill is prima facie evidence of the reasonableness of the charges and sufficient for a grant of summary judgment absent evidence or other reason to infer to the contrary." *Id.* at ¶ 21-22.

{¶29} In the present case, Chaffee Chiropractic supported its motion for summary judgment with a detailed bill specifying each service date, the treatment received, the provider, and the billed amount. Consequently, Chaffee Chiropractic met its initial summary judgment burden concerning the reasonableness of its charges. The burden then shifted to the Stifflers to set forth specific facts showing that a genuine issue remained for trial. *See Dresher*, 75 Ohio St.3d at 293.

{¶30} In opposition to summary judgment, affidavits were provided from Mr. and Mrs. Stiffler. Neither Mr. nor Mrs. Stiffler averred that they considered the medical services or charges of Chaffee Chiropractic to be unnecessary or unreasonable. Mrs. Stiffler did aver that they would not have continued treatments with Chaffee Chiropractic if they knew the insurance company was not going to pay for the treatments. But, she also averred that they "would of

sought other medical attention." Therefore, her own statement establishes that medical care was necessary for Erin.

**{¶31}** The Stifflers did not present any evidence regarding the amount charged by other chiropractors in the area or otherwise present any evidence that the fees charged by Chaffee Chiropractic were unreasonable. In addition, Erin continued to seek and receive treatment after she and her parents were informed that the third party's insurer would no longer pay. This further supports that the treatments were necessary and the charges were reasonable.

**{¶32}** The Stifflers did not present any Civ.R. 56(C) evidence creating a genuine issue of material fact regarding the reasonableness of the charges and the necessity of the treatments provided by Chaffee Chiropractic to Erin.

**{¶33}** The Stifflers' sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT BECAUSE CHAFFEE [CHIROPRACTIC] CANNOT RECOVER AGAINST ERIN [STIFFLER] OR [MRS. STIFFLER] ON THE WRITTEN "FINANCIAL POLICY" SIGNED BY THEM ON 9-27-11, AS THE SUBJECT AND TERMS OF THE POLICY IS APPLICABLE ONLY TO INSURANCE COVERAGE BY POLICIES UNDER WHICH ERIN [STIFFLER] IS INSURED AND NOT TO INSURANCE POLICIES THAT PROVIDE LIABILITY COVERAGE TO A THIRD PERSON.

**{¶34}** In their fourth assignment of error, the Stifflers argue the financial policy that Erin and Mrs. Stiffler signed does not support any recovery against them. This Court disagrees.

**{¶35}** Chaffee Chiropractic's financial policy contains several sections referring to various scenarios whereby a patient might present herself in the office and the office might seek payment for those services. Directly above the signature line, the policy states:

I request that Chaffee Chiropractic Clinic prepare the customary forms at no charge so that I may obtain insurance benefits. I also understand if my insurance does not respond within 60 days, or if I suspend or terminate my schedule of care

as prescribed by the doctors at Chaffee Chiropractic Clinic that fees will be immediately due and payable.

Under the section pertaining to personal injuries and automobile accidents, the policy requests that the patient present "your auto insurance and your health insurance card." That section concludes: "Although you are ultimately responsible for your bill, we will wait for settlement of your claim for up to [6] months after your care is completed. Once the claim is settled or if you suspend or terminate care, any fees for services are due immediately."

**{¶36}** The Stifflers argue that, because the financial policy refers to "'your insurance,'" "'my insurance policy,'" "'your auto insurance,'" and "'your health insurance,'" it is inapplicable to them because they were relying on a third party's insurance. The Stifflers have not cited any legal authority to support their argument that the references to their insurance in the financial policy somehow preclude Chaffee Chiropractic from proceeding against them when a third-party insurer failed to pay the bills for Erin. *See* App.R. 16(A)(7). Although the financial policy did not cover every possible scenario whereby Chaffee Chiropractic might be paid, the Stifflers have not explained how the failure to do so absolves them of liability for the charges Erin incurred. This Court will not create an argument on their behalf. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out.").

**{¶37}** Under this assignment of error, the Stifflers further argue that Mr. Stiffler created a new contractual relationship with Chaffee Chiropractic during a meeting in January 2012. That issue, however, will be addressed under the fifth assignment of error.

**{¶38}** The Stifflers' fourth assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 5**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT BECAUSE THERE IS A QUESTION OF FACT AS TO WHETHER [UNDER] THE EXPRESS TERMS OF THE CONTRACT CHAFFEE [CHIROPRACTIC] AGREED TO ONLY ACCEPT PAYMENT FROM THE INSURANCE COMPANY.

**{¶39}** In their fifth assignment of error, the Stifflers argue that there are questions of fact concerning an oral agreement they claim Mr. Stiffler entered into with Chaffee Chiropractic in January 2012. This Court disagrees.

**{¶40}** In opposing summary judgment, the Stifflers claimed that a meeting occurred between Mr. Stiffler and Dr. Bryce Chaffee in January 2012 and a "new contractual relationship" was formed between the parties. The Stifflers did not cite any legal authority to support this argument below nor have they done so on appeal. *See* App.R. 16(A)(7).

**{¶41}** Rather, the Stifflers rely on the conclusory assertion in Mr. Stiffler's affidavit that "Chaffee agreed to accept payments from the insurance company (Wayne Mutual) as full payment for any and all services for Erin." From this assertion, coupled with Erin's resumption of treatment visits on January 17, 2012, the Stifflers conclude that "[t]he terms of the parties['] oral agreement are questions of fact in dispute." The Stifflers assume, without providing any legal support, that there was an oral agreement between the parties. They have not explained how an oral contract is formed legally, nor have they detailed how the elements were met during Mr. Stiffler's meeting with Dr. Chaffee. This Court will not develop an argument on their behalf. *See Cardone*, 1998 WL 224934, at *8.

**{¶42}** The Stifflers' fifth assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 7**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT WHERE THERE ARE QUESTIONS OF DISPUTED FACTS WHETHER CHAFFEE [CHIROPRACTIC'S] CLAIMS ARE BARRED BY THE DOCTRINE OF EQUITABLE ESTOPPEL.

**ASSIGNMENT OF ERROR NO. 8**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT WHERE THERE ARE QUESTIONS OF FACT WHETHER CHAFFEE [CHIROPRACTIC'S] CLAIMS ARE BARRED BY ESTOPPEL IN PAIS.

{¶43} In their seventh and eighth assignments of error, the Stifflers argue that there is a genuine issue of material fact concerning their equitable estoppel and estoppel in pais defenses. This Court disagrees.

{¶44} The terms equitable estoppel and estoppel in pais refer to the same legal concept. *See Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, ¶ 20. *See also Black's Law Dictionary* 590 (8th Ed.2004). In order to prevail the proponent must prove: "'(1) that the adverse party made a factual misrepresentation; (2) that the misrepresentation was misleading; (3) that the misrepresentation induced actual reliance which was reasonable and in good faith; and (4) the proponent suffered detriment due to the reliance.'" *First Energy Solutions v. Gene B. Glick Co.*, 9th Dist. Summit No. 23646, 2007-Ohio-7044, ¶ 13, quoting *TBLD Corp. v. Ravenna Invest. Co., Inc.*, 9th Dist. Summit No. 21043, 2002-Ohio-5265, ¶ 14. A misrepresentation may occur through language or conduct. *Hortman* at ¶ 20.

{¶45} Under these assignments of error, the Stifflers point to three distinct items that they claim were misrepresentations. First, they point to the January 2012 meeting between Dr. Chaffee and Mr. Stiffler. Next, they point to the lack of billing throughout Erin's course of

treatment. Finally, they point out that the first bill they received following the conclusion of Erin's treatment listed an insurance balance of $8,425 and a patient balance of $0.

**{¶46}** As to the January 2012 meeting, Mr. Stiffler averred that "Chaffee agreed to accept payments from insurance company (Wayne Mutual) as full payment for any and all services to Erin." An agreement refers to a future promise, not a representation of a past or current fact. Thus, the Stifflers' argument sounds in promissory estoppel, not equitable estoppel. *See Hortman* at ¶ 24 (explaining the distinction between equitable estoppel and promissory estoppel). This portion of the Stifflers' argument fails to identify a factual misrepresentation to support an equitable estoppel defense. This Court will not create a promissory estoppel argument on their behalf. *See Cardone*, 1998 WL 224934, at *8.

**{¶47}** The Stifflers next point out that Chaffee Chiropractic did not send them a bill for Erin's treatments until after her treatments had stopped in June 2013. Chaffee Chiropractic responds that its billing was consistent with its financial policy. The financial policy provides for a delay to allow for insurance payments and settlement with third parties, but it also notifies patients that they are ultimately responsible for the bill. With respect to insurance payments, the policy provides: "I [] understand that if [] insurance does not respond within 60 days, or if I suspend or terminate my schedule of care as prescribed by the doctors at Chaffee Chiropractic Clinic[,] that fees will be due and payable immediately." With respect to automobile accidents, the policy allows 6 months to settle a claim and further provides: "Once the claim is settled or if you suspend or terminate care, any fees for services are due immediately." Both Erin and Mrs. Stiffler signed the financial policy, and Mr. Stiffler did not aver that he was unaware of its provisions. Contrary to the Stifflers' argument, the lack of billing until the completion of Erin's treatment was not a misrepresentation, but was consistent with the financial policy.

**{¶48}** Finally, the Stifflers point out that the first bill they received after Erin's treatments were completed showed an amount due of $0 and a patient balance of $0. That same bill lists an insurance balance of $8,425 and an account balance of $8,425. Because Erin's treatments had terminated at this point in time, the bill should have shown the account balance as being the amount owed by the Stifflers in accordance with Chaffee Chiropractic's financial policy. Construing the evidence most favorable to the Stifflers, the failure to do so was a factual misrepresentation that was misleading. However, the Stifflers have not established that they actually relied on this misrepresentation to their detriment. It is undisputed that the bill was sent "[a]fter Erin's treatments stopped." Consequently, the Stifflers did not incur any additional medical expenses in reliance on the statements on the bill as to the allocation of the account balance. Therefore, with respect to the billing allocation, the Stifflers failed to establish the reliance and detriment elements of an equitable estoppel claim.

**{¶49}** The Stifflers' seventh and eighth assignments of error are overruled.

III.

**{¶50}** The Stifflers' assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CHARLES A. KENNEDY, Attorney at Law, for Appellants.

DAVID W. ZACOUR and WAYNE A. ZACOUR, Attorneys at Law, for Appellee.