[Cite as *Collins v. Geiger*, 2020-Ohio-21.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RECEIVER JOHN COLLINS, et al.

    Appellees

    and

JAMES BRESSI

    Appellant

    v.

ROBERT S. GEIGER, M.D., et al.

    Appellees

C.A. No.    29361

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014 04 2198

DECISION AND JOURNAL ENTRY

Dated: January 8, 2020

SCHAFER, Judge.

{¶1} Appellant, James P. Bressi, appeals from the March 19, 2019 order of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

{¶2} This matter involves a lengthy and complicated procedural history, much of which is not directly relevant to the issues raised on appeal. We endeavor here to limit our discussion to the portions of the record implicated by our analysis of the assigned errors. The initial complaint, filed in this matter on April 29, 2014, listed as plaintiffs James P. Bressi, D.O. and Annette Consentino-Bressi, D.O. (collectively "the Bressis"). In counts one and two of the complaint, Bressi alleged that Summit Pain Specialists, Inc.—acting in concert with Robert S.

Geiger, M.D., Cheryl A. Patterson, and Dean Rombach—breached a corporate buy-sell agreement and an employment agreement. In count three, Bressi asserted a claim against Geiger for breach of a 2010 promissory note. In the fourth count of the complaint the Bressis jointly asserted a claim against Summit Pain Specialists, Inc. and SPS I, LLC, d/b/a Summit Medical Management Services for breach of a promise for repayment of credit lines. The Bressis filed the first amended complaint in October 2016, wherein Mr. Bressi asserted a new claim for misappropriation of corporate assets against an additional defendant, Richard Gould.

{¶3} The trial court issued an order on January 9, 2017, appointing John C. Collins as receiver "in this action for the specific purpose of being the assignee of [] Bressi's rights and interest in Summit Pain Specialists, Inc. along with certain specified rights to pursue his claims in related litigation, including any claims that have yet to be asserted." The order indicated that the parties requested the appointment pursuant to a settlement agreement that would also "resolve all of the remaining claims in th[e] proceeding * * *." On that basis, Receiver Collins was appointed as "non-operating" receiver with limited powers and authority.

{¶4} The appointing order authorized Receiver Collins "to be the assignee to hold all rights and interest of [Consentino-Bressi] for indemnification and other relief set forth in [c]ount [f]our of the [first] [a]mended [c]omplaint * * *." Further, Receiver Collins was authorized as assignee to hold

> all rights and interest of [Bressi] for his stockholder, equity or other interest and claims in and to Summit Pain Specialists, Inc. and to substitute himself, as [r]eceiver for [Bressi] as and for the claims assigned to the [r]eceiver herein for th[is] case currently pending in the Summit County Court of Common Pleas identified as Case No. CV 2014-04-2198.

The order further stated that Receiver Collins "shall be substituted as the [p]laintiff in CV 2014-04-2198" and as plaintiff in the action, Receiver Collins "shall have the capacity and standing to

assert and pursue his claims set forth therein and as he shall subsequently assert in any amended pleadings." Receiver Collins promptly filed his notice of acceptance of appointment as receiver, and counsel for Receiver Collins filed a notice of appearance.

{¶5} On January 10, 2017, Receiver Collins filed a motion for substitution of parties. Referencing the order of appointment and his acceptance of the appointment, Receiver Collins moved to be substituted for the plaintiffs, Bressi and Consentino-Bressi, on all claims stated in the complaint and other claims to be stated. The trial court granted the unopposed motion on February 8, 2017, substituting Receiver Collins as the plaintiff in the action.

{¶6} In December 2017, Receiver Collins, with leave of court, filed the second amended complaint. The second amended complaint added claims against attorneys Patrick K. Keating and Robert A. Malone. Receiver Collins alleged their role in facilitating or conspiring with others to unlawfully cancel Bressi's shares of stock in Summit Pain Specialist, Inc. and in misappropriating assets of Bressi and/or assets of Summit Pain Specialists, Inc. in which Bressi had a proprietary interest.

{¶7} In the motion for leave to file the amended pleading, Receiver Collins highlighted the differences between the first amended complaint and the second amended complaint:

1. The Plaintiff is now reflective of the appointment of the receivership **eliminating James Bressi** and substituting John C. Collins as Receiver.

2. The former Defendant Summit Pain Specialists, Inc., has been dropped from the prayer for damages and is named for factual statements contained in the Complaint.

3. The former Defendants Robert Geiger and Cheryl Patterson have been dropped from a claim for damages because they filed a petition for bankruptcy, but their actions and conduct in conjunction with others need to be considered in the complaint.

4. Allegations against Defendant Dean Rombach remain and are expanded to include information that he obtained regarding the cancelation of James Bressi's

shares in Summit Pain Specialists and the sole control of the corporation being vested in Robert Geiger by and through the action and efforts of the new Defendants, Patrick K. Keating and Robert A. Malone.

5. There are additional allegations against John and/or Jane Doe and John Doe Corporations whose identities are yet to be discovered since the file materials have just recently been transmitted to counsel for Receiver John C. Collins.

(Emphasis added.)

{¶8} On November 6, 2017, counsel for Bressi entered his notice of appearance as counsel of record on behalf of "Plaintiff, James Bressi." On January 15, 2018, despite the order appointing Receiver Collins as assignee with the capacity and standing to assert and pursue claims in this action and the order substituting Receiver Collins as plaintiff, Bressi sought leave to file an amended complaint. Specifically, Bressi filed a motion pursuant to Civ.R. 15 seeking leave "permitting the filing of an [a]mended [c]omplaint [i]nstanter, in Mr. Bressi's individual capacity." Although Receiver Collins had already been substituted in the Bressis' place as plaintiff in this action, Bressi argued in his motion that "there exists no reason to preclude Mr. Bressi from bringing additional, personal causes of action against Keating and Malone * * *."

{¶9} Receiver Collins filed a response in opposition to Bressi's motion for leave to file an amended complaint. Receiver Collins argued that Bressi "lacks any standing to prosecute any claims, individually, since he permanently and irrevocably assigned the claims he now seeks to assert in his amended complaint." Referencing the appointing order, Receiver Collins noted that Bressi failed to appreciate the full scope of the assignment he had executed "which gave rise to the receiver in the first place." The source of the assignment of claims, Receiver Collins stated, was a document titled "Confidential Bressi Master Settlement Agreement" (hereinafter the "Bressi Settlement Agreement") and he cited to the relevant language of that agreement assigning certain of Bressi's rights to a court appointed receiver.

{¶10} The newly named defendants, Keating and Malone, also opposed Bressi's proposed pleading contending that "Bressi has no right to file his complaint, because he voluntarily relinquished this right." Thereafter, Bressi filed a motion to disqualify counsel representing Keating and Malone and to strike "all pleadings" filed by such counsel "opposing any filings of" Bressi in this matter. As grounds for the motion, Bressi asserted an inherent conflict of interest stemming from counsels' law firm's previous representation of Consentino-Bressi.

{¶11} The trial court issued its ruling on May 24, 2018, denying the motion for leave to file an amended complaint. The trial court stated that, pursuant to the Bressi Settlement Agreement, Bressi "absolutely and irrevocably assigned any and all claims" arising out of his ownership with Summit Pain Specialist. Bressi appealed the trial court's May 24, 2018 decision to this Court in C.A. No. 29054.

{¶12} While C.A. No. 29054 was pending, the trial court issued the August 27, 2018 order dismissing this matter with prejudice, and the August 30, 2018 order partially dismissing the claims Receiver Collins asserted against Keating and Malone. On August 30, 2018, Bressi filed a motion in the trial court, pursuant to Civ.R. 60(B), seeking "relief" from the trial court's August 27, 2018 dismissal order and asking the trial court to vacate all orders and strike any pleading filed in this matter following the dismissal. On that same day, Bressi noticed his appeal of the August 27, 2018 dismissal order, resulting in a second appeal from this matter pending before this Court: C.A. No. 29159.

{¶13} On October 15, 2018, this Court dismissed the first appeal, C.A. No. 29054, for lack of a final appealable order. Subsequently, on November 7, 2018, this Court dismissed the second appeal, C.A. No. 29159. In the journal entry dismissing the second appeal, this Court

concluded that we were without jurisdiction to consider the merits of the appeal of the August 27, 2018 dismissal order because the first appeal, C.A. No. 29054, was pending when the trial court issued the dismissal order. We determined that the trial court lacked jurisdiction to issue the August 27, 2018 dismissal order and, consequently, the order was void.

{¶14} With the matter back before the trial court, Bressi requested an evidentiary hearing on his Civ.R. 60(B) motion. The trial court acquiesced to Bressi's request, and the evidentiary hearing was held on February 13, 2019. In its March 19, 2019 journal entry, the trial court identified the motions and issues that were addressed at the hearing and indicated its ruling with respect to each. Those rulings are summarized as follows:

- The trial court noted that, during the hearing, Bressi orally withdrew his motion to disqualify counsel for Keating and Malone.

- The trial court granted the Receiver's motion to enforce the parties' settlement agreement.

- The trial court, with the consensus of the parties, found that Bressi's Civ.R. 60(B) motion for relief from the August 27, 2018 dismissal order and vacating subsequent orders was moot in light of this Court's determination that the dismissal order was void.

- The trial court granted Receiver Collins's oral motion to dismiss, with prejudice, all claims against Keating and Malone.

- The trial court granted Receiver Collins's motion to compel the Bressis to execute certain releases regarding legal files, but denied the motion for sanctions and attorney fees.

The trial court certified, pursuant to Civ.R. 54(B), that the March 19, 2019 journal entry was a final appealable order.

{¶15} Bressi filed this appeal of the trial court's March 19, 2019 order, raising three assignments of error for our review.

II.

**Assignment of Error I**

**The trial court erred when it denied [Mr.] Bressi his right to due process of law as guaranteed to him under the Fourteenth Amendment to the Constitution of the United States and due course of law as guaranteed to him under Article I, Section 16 of the Ohio Constitution by denying the motion of [Bressi], individually, for leave to file amended complaint, instanter based solely on matters and information improperly obtained by the trial court and which were not in the record and not otherwise before the trial court.**

{¶16} Bressi asserts that the trial court's rulings and procedural errors "flagrantly violated" his constitutional rights. In his first contention under this first assignment of error, Bressi suggests some impropriety in the manner in which the visiting judge was assigned to hear this case. Pursuant to certificate of assignment 16JA2205, the Chief Justice of Supreme Court of Ohio assigned retired Judge Cosgrove to preside generally over this matter for the period of September 1, 2016 through November 30, 2016, and also to conclude any proceedings in which she participated that remained pending at the end of that period.

{¶17} Bressi contends that he was deprived of a right to a randomly appointed judge without stated reason and contrary to procedure. Initially we note that it is unclear how this alleged error relates to his assigned error: a due process violation implicated by the trial court's consideration of material outside of the record in ruling on his motion for leave to file an amended complaint. *See State v. Martynowski*, 9th Dist. Lorain No. 17CA011078, 2017-Ohio-9299, ¶ 18 ("This Court will not address arguments that fall outside the scope of an appellant's captioned assignment of error."). Regardless, this Court need not address the merits of this argument, because Bressi failed to preserve this issue for appeal. *Boling v. Valecko*, 9th Dist. Summit No. 20464, 2002 WL 185182 *2 (February 6, 2002). Bressi has not indicated, and our review of the record does not show, that he ever raised the issue or challenged the assignment, or

procedure for assignment, in the trial court. When a party has knowledge that a case has been reassigned to a retired or visiting judge, the party must raise any objection to the transfer at the first opportunity to do so, and that party waives any objection to the transfer by failing to raise the issue on the record. *Id*. quoting *White v. County of Summit*, 138 Ohio App.3d 116, 118 (9th Dist.2002), quoting *Berger v. Berger*, 3 Ohio App.3d 125, 130 (8th Dist.1981). Despite having ample time to do so, Bressi did not challenge Judge Cosgrove's assignment below and, consequently, has waived the right to do so for the first time on appeal. *Valecko* at *2.

{¶18} Bressi next argues that the trial court committed an error with respect to its consideration of his motion to disqualify counsel for Keating and Malone. Here again, Bressi fails to demonstrate the nexus between this contention and his assigned error. Bressi fails to identify any prejudicial error regarding the trial court's handling of the motion to disqualify, and fails to clarify its relevance to the trial court's denial of his motion for leave to file an amended complaint. Moreover, Bressi acknowledges that he withdrew this motion at the February 13, 2019 hearing.

{¶19} Next, Bressi contends that he was denied due process when the trial court denied his motion for leave to amend, and asserts a procedural due process challenge concerning "the adequacy of the procedures employed in a government action that deprives a person of life, liberty[,] or property." Bressi has not specified the nature of this deprivation. Rather he concedes that "it may be argued that the denial of [his] [m]otion for [l]eave to [a]mend, in and of itself, may not have constituted a denial of [] Bressi's constitutional right to due process of law." Nevertheless, he argues that a combination of events culminated in the trial court's denial of his motion for leave to file an amended complaint, which he claims "gave rise to the constitutional violation."

{¶20} Bressi has not developed his argument to demonstrate how alleged procedural errors had a cumulative effect that resulted in a ruling that gave rise to an unsubstantiated constitutional violation. *See* App.R. 16(A)(7). Accordingly, we conclude that Bressi has not met his burden of demonstrating reversible error by the trial court, and this Court may disregard the argument in its entirety. *Marquez v. Jackson*, 9th Dist. Lorain No. 16CA011049, 2018-Ohio-346, ¶ 21.

{¶21} Bressi's first assignment of error is overruled.

### Assignment of Error II

**The trial court erred when it issued its May 25, 2018 order denying the motion of [Bressi], Individually, for leave to file amended complaint, instanter based solely on matters and information improperly obtained by the trial court and which were not in the record and not before the trial court.**

{¶22} In his second assignment of error, Bressi asserts that, through the filing of his motion for leave to file an amended complaint, he "attempted to bring certain limited, personal claims against New-Party Defendants Keating and Malone[.]" Bressi argues that the trial court erred when it issued its May 24, 2018 order denying his request to file an amended complaint because it based its decision on a "partial document which was not in the record before it * * *."

{¶23} "This Court reviews the denial of a motion for leave to amend a pleading for an abuse of discretion." *Carter v. Univ. Park Dev. Corp.*, 9th Dist. Summit No. 28356, 2017-Ohio-5795, ¶ 10. An abuse of discretion denotes that the trial court's determination was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶24} Bressi moved the trial court, pursuant to Civ.R. 15, to "permit[] the filing of an [a]mended [c]omplaint [i]nstanter, in Mr. Bressi's individual capacity." The trial court denied the motion based on its finding that, pursuant to the Bressi Settlement Agreement, Bressi absolutely and irrevocably assigned his interest in this and any litigation related to or arising out of his ownership, control of, or involvement with Summit Pain Specialists, Inc. However, the record reflects that the referenced assignment triggered a series of procedural rulings, including the appointment of Receiver Collins and his substitution as plaintiff in this action, which we cannot simply overlook. Consequently, we find a preliminary discussion of the procedure essential to our review.

{¶25} Civ. R. 15 states the procedure for amending and supplementing pleadings. Pursuant to Civ.R. 15(A),

> [a] party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. * * *

Significantly, Civ.R. 15(A) provides a means only for a "*party* to amend *its* pleading * * *[.]" (Emphasis added.) Further, although Civ.R. 15 provides for adding new defendants through amendment, nothing in the rule discusses or contemplates adding a plaintiff. *See* Civ.R. 15(C), (D).

{¶26} "It is axiomatic that an action must be prosecuted by the real party in interest." *Holiday Properties Acquisition Corp. v. Lowrie*, 9th Dist. Summit Nos. 21055, 21133, 2003-Ohio-1136, ¶ 9, citing Civ.R. 17(A). Civ.R. 25(C) prescribes the procedure when a transfer of interest occurs during the pendency of the litigation; "the action may be continued by or against

the original party, *unless* the court upon motion directs the person to whom the interest is transferred to be *substituted in the action* or joined with the original party." (Emphasis added.) "Civ.R. 25(C) thus permits substitution by one who succeeds to an interest previously held by another[,]" and "'[a]ccording to Civ.R. 17(A), substitution operates as if the action had been commenced in the name of the real party in interest.'" (Internal citation omitted.) *Lowrie* at ¶ 10, quoting *Boedeker v. Rogers*, 140 Ohio App.3d 11, 20, 746 (8th Dist.2000).

{¶27} As of January 15, 2018, when Bressi filed the motion for leave to amend the complaint, he was no longer a plaintiff in this action. The January 9, 2017 order appointing Mr. Collins as receiver in this action specified that Receiver Collins "shall be substituted as the [p]laintiff" with "the *capacity and standing* to assert and pursue his claims set forth therein and as he shall subsequently assert in any amended pleadings." (Emphasis added.) On February 8, 2017, the trial court entered the order substituting Receiver Collins—in place of Bressi and Consentino-Bressi—as the plaintiff in this action. Acting pursuant to his standing and capacity as plaintiff, Receiver Collins then filed the second amended complaint.

{¶28} The substitution of Receiver Collins as the plaintiff effectively stripped Bressi of his status as a plaintiff in the action. It vested the "standing and capacity" to assert and pursue claims in Receiver Collins and, consequently, divested Bressi of the same. Bressi contends that he filed the motion for leave to amend the complaint because Receiver Collins included allegations in the second amended complaint that were "personal to Bressi" and constituted actions beyond the "limited powers given to Receiver Collins in the Collins Receiver Order." However, Bressi never objected to or challenged the Receiver's actions, nor did he move to intervene in the action or to invoke any procedure to seek a determination that he was a real party

in interest with the capacity and standing to assert any claims in this action. Instead, Bressi merely attempted to "amend" a complaint to which he was no longer a party.

{¶29} Based on the foregoing, this Court cannot conclude that the trial court erred by denying Bressi's procedurally improper motion for leave to file an amended complaint. We recognize that Bressi focuses his argument on the trial court's allegedly improper review of portions of the Bressi Settlement Agreement that were not in the record before the trial court as the basis for denying the motion. However, even if the trial court erred in so doing, this Court must "affirm the trial court's judgment if any valid grounds are found on appeal to support it." *Chaffee Chiropractic Clinic, Inc. v. Stiffler*, 9th Dist. Wayne No. 16AP0033, 2017-Ohio-7790, ¶ 23, quoting *McKay v. Cutlip*, 80 Ohio App.3d 487, 491 (9th Dist.1992). Because there was no valid basis for the trial court to grant Bressi's Civ.R. 15 motion, the trial court did not abuse its discretion by denying Bressi's request to amend the complaint.

{¶30} Bressi's second assignment of error is overruled.

### Assignment of Error III

**The trial court erred when it selectively enforced the assignment provision set forth in the settlement agreement entered into by [Bressi], in the separate case of J[e]radine Thompson, et al. v. Summit Pain Specialists, Inc., et al., Summit County Common Pleas Case No.: CV 2013 05 2353, while ignoring the confidentiality requirement of the Agreement.**

{¶31} In his third assignment of error, Bressi argues that the trial court erred when it selectively enforced an assignment provision in the Bressi Settlement Agreement while ignoring the confidentiality requirement of that agreement. Bressi contends that the trial court disregarded Receiver Collins's own breach of the settlement agreement when it issued its March 19, 2019 order granting a motion to enforce the settlement agreement. Additionally, Bressi asserts that the

trial court erred by relying on a hearing transcript from a different case, contending that the transcript was hearsay and violated the parole evidence rule.

{¶32} In its March 19, 2019 order, the trial court referenced Receiver Collins's motion[1] to enforce the Bressi Settlement Agreement. During the February 13, 2019 evidentiary hearing, the trial court admitted into evidence a transcript of the Bressi Settlement Agreement as it was entered upon the record before the trial court on October 31, 2016 in a separate proceeding (*Jeradine Thompson, et al. v. Summit Pain Specialists, Inc., et al.*, CV-2013-05-2353) and also admitted a written copy of the agreement. The trial court noted the arguments presented by the parties at the hearing and observed that Bressi initiated any dispute as to the enforceability of the settlement agreement by seeking leave to file an amended complaint. On the other hand, the trial court found that Receiver Collins cited to the agreement only in response to Bressi's motion attempting to assert rights implicated by the assignment to Receiver Collins.

{¶33} "To demonstrate reversible error, an aggrieved party must demonstrate both error and resulting prejudice." *Princess Kim, L.L.C. v. U.S. Bank, N.A.*, 9th Dist. Summit No. 27401, 2015-Ohio-4472, ¶ 18. This Court must disregard any error or defect in the proceedings if the error does not affect the substantial rights of the adverse party. R.C. 2309.59; Civ.R. 61. Aside from stating that the Receiver's motion to enforce the settlement agreement was granted, the trial court made no further order regarding the settlement agreement or the enforcement of such agreement. Bressi argues that the trial court erred in making the ruling. However, Bressi has not clarified the actual consequence of the ruling, which is not apparent from the order, nor has he revealed any cognizable prejudicial impact that the ruling had on him.

---

[1] Bressi has not pointed to any part of the record reflecting this motion to enforce, and this Court's own review of the record did not reveal any such motion made by Receiver Collins. *See* App.R. 16(A)(7).

**{¶34}** Our review of this issue is curtailed by Bressi's failure to demonstrate, based on the record, that the trial court's order granting a request to enforce the Bressi Settlement Agreement affected any substantial right or that it resulted in prejudice. *See Princess Kim* at ¶ 18 quoting *Gries Sports Ents, Inc. v. Cleveland Browns Football Co.*, 26 Ohio St.3d 15, 28 (1986) ("'In order to support reversal of a judgment, the record must show affirmatively not only that error intervened but that such error was to the prejudice of the party seeking such reversal.'"). Bressi's failure to show prejudicial error precludes this Court from reversing the trial court's ruling on those grounds asserted in this assignment of error. *See Weber v. Obuch*, 9th Dist. Medina No. 05CA0048-M, 2005-Ohio-6993, ¶ 18.

**{¶35}** Bressi's third assignment of error is overruled.

III.

**{¶36}** Bressi's first, second, and third assignments of error are overruled.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

THOMAS M. WILSON, Attorney at Law, for Appellant.

DAVID C. PERDUK, Attorney at Law, for Appellees.

LAWRENCE J. SCANLON, Attorney at Law, for Appellees.