[Cite as *Deutsche Bank Natl. Trust Co. v. Omar*, 2019-Ohio-5224.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DEUTSCHE BANK NATIONAL TRUST
COMPANY

    Appellee

    v.

ZEKI OMAR, et al.

    Appellant

C.A. No.     29300


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2015-05-2868

DECISION AND JOURNAL ENTRY

Dated: December 18, 2019

TEODOSIO, Presiding Judge.

{¶1}    Zeki Omar appeals the judgment of the Summit County Court of Common Pleas overruling his objections, adopting the magistrate's decision, and entering judgment against Mr. Omar.  We affirm.

I.

{¶2}    In May 2015, Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-1 ("Deutsche Bank"), filed its complaint in foreclosure against Mr. Omar.  A bench trial was held before the magistrate in August 2016.  After a magistrate's decision was issued, Mr. Omar filed his objections, and the trial court entered judgment on January 9, 2017.  An attempted appeal to this Court followed, which we dismissed because the trial court had failed to resolve all remaining issues involved in the foreclosure.

{¶3} The trial court again entered judgment on April 26, 2017, from which Mr. Omar appealed to this Court. We reversed and remanded so that the trial court could expressly consider and rule upon all of Mr. Omar's objections to the magistrate's decision. The trial court entered judgment for the third time on December 26, 2018, finding Mr. Omar's objections to be without merit, and entering judgment in foreclosure against Mr. Omar.

{¶4} Mr. Omar now appeals, raising eleven assignments of error.

II.

{¶5} "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY ALLOWING THE ADMISSION OF PLAINTIFF'S RECORDS AND TESTIMONY BASED UPON IT[.]

{¶6} In his first assignment of error, Mr. Omar argues the trial court erred in admitting Deutsche Bank's business records into evidence. We disagree.

{¶7} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the

syllabus. A trial court is afforded broad discretion in admitting evidence and we will not reject an exercise of this discretion unless it has clearly been abused and the appealing party has thereby suffered material prejudice. *Packard v. Packard*, 9th Dist. Summit No. 19870, 2000 WL 1729459, *2 (Nov. 22, 2000); *accord State v. Long*, 53 Ohio St.2d 91, 98 (1978).

{¶8}    Evid.R. 803(6) provides that records of regularly conducted business activity are an admissible form of hearsay, stating:

> A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

{¶9}    "To qualify for admission under Evid.R. 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the custodian of the record or by some other qualified witness." *PNC Bank, Natl. Assn. v. West*, 9th Dist. Wayne No. 12CA0061, 2014–Ohio–161, ¶ 12. The theory supporting the business records exception is that such records are accurate and trustworthy because they are "made in the regular course of business by those who have a competent knowledge of the facts recorded and a self-interest to be served through the accuracy of the entries made and kept with knowledge that they will be relied upon in a systematic conduct of such business[.]" *Weis v. Weis*, 147 Ohio St. 416, 425–426 (1947).

{¶10}   Proper authentication of a business record under Evid.R. 901(A) requires that a proponent of a document produce evidence sufficient to support a finding that the matter in

question is what the proponent claims it to be, and to accomplish this, a witness must testify as to the regularity and reliability of the business activity involved in the creation of the record. *State v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012–Ohio–4047, ¶ 24. A witness authenticating a business record must be "'familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business.'" *State v. Baker*, 9th Dist. Summit No. 21414, 2003–Ohio–4637, ¶ 11, quoting *Keeva J. Kekst Architects, Inc. v. George*, 8th Dist. Cuyahoga No. 70835, 1997 WL 253171, *5 (May 15, 1997). Evid.R. 803(6) does not require personal knowledge of the exact circumstances of the preparation and production of the document or of the transaction giving rise to the record. *Bank of America, N.A. v. Jackson*, 12th Dist. Warren No. CA2014–01–018, 2014–Ohio–2480, ¶ 12.

{¶11} Mr. Omar contends that the entire business record was unreliable because payment records are missing for the first three and one-half years of the loan and mortgage statements were not provided for the years between 2005 and 2010, and that as a result, "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." *See* Evid.R. 803(6). This argument does not implicate the four elements required for admission of a business record under Evid.R. 803(6), and Mr. Omar provides us with no authority to support the notion that an incomplete record would render the entire record inadmissible. The trial court found that the admitted records were properly identified and authenticated. We cannot conclude the trial court abused its discretion on this basis.

{¶12} Mr. Omar next argues that the Internal Revenue Service Form 1098 for the years 2005, 2006, and 2007 were not provided to him by Deutsche Bank until 2011, and therefore "it is

possible that the [forms] were created to satisf[y] a customer's request for these documents made in 2011 and were fabricated to avoid revealing errors by the bank." Mr. Omar provided testimony that he believed the forms were inaccurate, and points to the fact that the forms were not provided in Deutsche Bank's initial response to discovery, but rather, were provided in a supplemental response. Mr. Omar's testimony is unsupported by additional evidence, and his speculation that the forms could have been fabricated is likewise unsupported. We cannot conclude the trial court abused its discretion in admitting these documents.

{¶13} Mr. Omar further argues that the bank statements contained in the record should not have been admitted into evidence because there were no statements from the time the loan was issued in 2005 to 2010. He contends that as a result, the record fails to meet the requirement under Evid.R. 803(6) that it "must be one regularly recorded in a regularly conducted activity." Once again, Mr. Omar fails to provide any authority that would support the theory that an incomplete record renders the remaining record inadmissible. He has likewise failed to show that the absence of a particular record or records was evidence that the remaining record was not "regularly recorded in a regularly conducted activity." *See* Evid.R. 803(6). Again, we cannot conclude the trial court abused its discretion in admitting these documents.

{¶14} Mr. Omar's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED BY ADMITTING PAYMENT RECORDS
OFFERED BY THE BANK ON THE DEFENDANT[']S NOTE.

{¶15} In his second assignment of error, Mr. Omar argues the trial court erred by admitting the payment records proffered by Deutsche Bank. We disagree.

{¶16} Mr. Omar contends that the payment record should not have been admitted because the part of the record that would have covered the first three and one-half years of the loan were missing. The trial court noted:

> Although a portion of the payment history was missing from Mr. Omar's loan account (from origination in 2005 to July 2, 2008), [Deutsche Bank] still evidenced the amount due and owing on the loan by a preponderance of the evidence. [Deutsche Bank] produced a payment history covering over eight years from July 2, 2008[,] to the present date. The loan was current at the time the payment history begins. * * * The payment history covered the entire frame of the default to the present date.

{¶17} Mr. Omar's argument goes to the question of the weight of the evidence; he provides us with no authority to support the notion that an incomplete payment history is inadmissible. The trial court determined that despite the missing section of the payment history, Deutsche Bank provided evidence of the amount due and owing. Moreover, as noted by the trial court, the loan was current at the time the payment history began. We conclude the trial court did not abuse its discretion in admitting the payment records into evidence.

{¶18} Mr. Omar's second assignment of error is overruled.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED BY ALLOWING THE TESTIMONY OF BENJAMIN VERDOOREN[,] THE REPRESENTATIVE OF THE BANK[.]

{¶19} In his third assignment of error, Mr. Omar argues the trial court erred by allowing the testimony of Benjamin Verdooren because he had no personal knowledge relating to the subject matter of the case. We disagree.

{¶20} Proper authentication of a business record under Evid.R. 901(A) requires that a proponent of a document produce evidence sufficient to support a finding that the matter in question is what the proponent claims it to be, and to accomplish this, a witness must testify as to the regularity and reliability of the business activity involved in the creation of the record. *State*

*v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012–Ohio–4047, ¶ 24. A witness authenticating a business record must be "'familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business.'" *State v. Baker*, 9th Dist. Summit No. 21414, 2003–Ohio–4637, ¶ 11, quoting *Keeva J. Kekst Architects, Inc. v. George*, 8th Dist. Cuyahoga No. 70835, 1997 WL 253171, *5 (May 15, 1997). Evid.R. 803(6) does not require personal knowledge of the exact circumstances of the preparation and production of the document or of the transaction giving rise to the record. *Bank of America, N.A. v. Jackson*, 12th Dist. Warren No. CA2014–01–018, 2014–Ohio–2480, ¶ 12.

{¶21} Mr. Omar provides us with no authority in support of his argument, nor does he point to the record to support his contention that Mr. Verdooren had no personal knowledge relating to the subject matter of the case. *See* App.R. 16(A)(7). As such, we may disregard this argument. App.R. 12(A)(2). Moreover, Mr. Verdooren testified that he was a Senior Loan Analyst for Ocwen Financial Corporation, that he has access to Ocwen's business records, that he was familiar with their record retention system, that he had viewed the original note in question, and had reviewed the file in question. Mr. Omar has failed to show Mr. Verdooren was not qualified to authenticate the business record.

{¶22} Mr. Omar's third assignment of error is overruled.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT'S DECISION GRANTING A FORECLOSURE AND A JUDGMENT IN THE AMOUNT OF $357,488.77 [WAS] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

{¶23} In his fourth assignment of error, Mr. Omar argues the trial court erred because its judgment in foreclosure was against the manifest weight of the evidence. Mr. Omar contends that the incomplete payment record is insufficient to show a breach of the note. We disagree.

{¶24} "[B]efore an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice." *Boreman v. Boreman*, 9th Dist. Wayne No. 01CA0034, 2002-Ohio-2320, ¶ 10. "Only in the exceptional case, where the evidence presented weighs heavily in favor of the party seeking reversal, will the appellate court reverse." *Id*. In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 21.

{¶25} As we have noted, the loan was current at the time the payment history began. Deutsche Bank provided evidence of the amount due and owing, offering the payment history, multiple 1098 I.R.S. forms, mortgage statements, copies of checks sent from Mr. Omar for payment on the debt, a debt validation letter, default notice letters, a divorce decree acknowledging the debt due and owing as of September 2010, and the testimony of Benjamin Verdooren, Senior Loan Analyst for Ocwen Financial Corporation. As noted by the trial court, the payment history provided covered the entire frame of the default. In contrast, Mr. Omar offered no evidence to support his testimony that he had made payments not indicated in the bank records.

{¶26} We conclude that the trial court did not clearly lose its way or create a manifest miscarriage of justice, and that this is not the exceptional case, where the evidence presented

weighs heavily in favor of the party seeking reversal. Mr. Omar's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE AND CONSIDERING A LETTER PROPOSING A COMPROMISE SENT BY THE ATTORNEY FOR THE DEFENDANT TO THE PLAINTIFF.

{¶27} In his fifth assignment of error, Mr. Omar argues the trial court erred when it admitted into evidence a letter sent by Mr. Omar to Deutsche Bank. We disagree.

{¶28} "[We] review a trial court's admission of evidence for abuse of discretion." *State v. Truitt*, 9th Dist. Summit No. 25527, 2011–Ohio–6599, ¶ 30. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶29} Evid.R. 408 provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

"Evid.R. 408 is applicable only to bar the admission of evidence which is offered to show that because a settlement offer was made, the offeror must be liable, because people don't offer to pay for things for which they are not liable." *Kane v. Inpatient Med. Servs., Inc.*, 9th Dist. Summit

No. 29087, 2019-Ohio-1975, ¶ 18, quoting *USCA/USA, Inc. v. High Tech Packaging, Inc.*, 6th Dist. Wood Nos. WD-05-088 and WD-05-089, 2006-Ohio-6195, ¶ 34, quoting *Boyle v. Daimler Chrysler Corp.*, 2d Dist. Clark No. 2001-CA-81, 2002-Ohio-4199, ¶ 95.

{¶30} The letter in question is captioned as a "Request for the Removal of all Late Fees." The letter is not an offer of settlement, but rather, a request that late fees on the account be removed. As such, the letter does not fall under Evid.R. 408 because it is not evidence of "furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount."

{¶31} Mr. Omar's fifth assignment of error is overruled.

ASSIGNMENT OF ERROR SIX

THE TRIAL COURT ERRED BY FINDING THAT THE DEFENDANT'S DIVORCE DECREE [WAS] AN ADMISSION AS TO THE CORRECT AMOUNT OWED[.]

{¶32} In his sixth assignment of error, Mr. Omar argues the trial court erred in finding that his divorce decree was an admission as to the correct amount owed to Deutsche Bank. Mr. Omar contends that "he did not pay attention to this document" at the time of his divorce, and that the debt he acknowledged at that time was not, in fact, accurate.

{¶33} In its judgment entry, the trial court concluded Mr. Omar's objection with regard to the divorce decree was barred by the doctrine of res judicata, and noted that the divorce decree acknowledged the debt and the amount due and owing as of September 2010, which was "more than two years after Mr. Omar allegedly made additional payments." The amount of the subject mortgage debt listed in the divorce decree was $389,000.00. The trial court went on to grant judgment against Mr. Omar in the amount of $357,488.77, plus interest from March 1, 2012,

plus late fees and advances made for real estate taxes, insurance, assessments, and protection of the property. Mr. Omar's contention that the prior litigation occurred in a previous divorce and measured the debt owed at a different date than the foreclosure trial is not contradicted by the trial court's entry of judgment, as indicated by the fact that the two amounts are not identical. The trial court recognized the amount referenced in the divorce decree as an acknowledgment by Mr. Omar of the amount due and owing in September 2010, and did not simply incorporate the amount of debt listed in the decree into its judgment entry.

{¶34} Mr. Omar's sixth assignment of error is overruled.

ASSIGNMENT OF ERROR SEVEN

THE TRIAL COURT ERRED BY FINDING THAT THE DEFENDANT PROVIDED NO PROOF OF PAYMENTS AT TRIAL[.]

{¶35} In his seventh assignment of error, Mr. Omar argues the trial court erred by finding that he had provided no proof that he had made payments not recorded in the payment history. We disagree.

{¶36} In support of his argument, Mr. Omar points to his testimony that he sent sums of money from Greece to pay off his mortgage in sums between $10,000.00 to $35,000.00 during the years of 2005, 2006 and 2007. Mr. Omar further testified that he believed the mortgage had either been paid, or close to being paid, and that the payment history produced by Deutsche Bank was inaccurate.

{¶37} In its judgment entry, the trial court found that "[a]lthough Mr. Omar testified that he made large payments from banks both in the United States and Greece to pay off the principal amounts on this [m]ortgage, this unsupported testimony was not credible. There was no evidence to support Mr. Omar's position that he made payments to pay off the principal amounts on this [m]ortgage." The trial court further found that "Mr. Omar provided no evidence, *other*

*than his own testimony*, to challenge or question Mr. Verdooren's testimony or the veracity of the loan account." (Emphasis added.) The trial court clearly recognized that Mr. Omar provided testimony that he made payments not recorded in the payment history; it did not, however, find said testimony credible, nor was it supported by additional evidence.

{¶38} Mr. Omar's seventh assignment of error is overruled.

## ASSIGNMENT OF ERROR EIGHT

THE TRIAL COURT ERRED BY CONCLUDING THAT THE DEFENDANT'S BURDEN FOR THE AFFIRMATIVE DEFENSE OF PAYMENT WAS NOT MET.

{¶39} In his eighth assignment of error, Mr. Omar argues the trial court "placed the burden in this case upon the [d]efendant" and that Deutsche Bank "failed to establish the amount of payments made on this loan for the first three[-]and[-]a[-]half years of the loan." We disagree.

{¶40} Mr. Omar fails to support this contention with any reference to the record and provides no authority in support of his argument. *See* App.R. 16(A)(7). As such, we may disregard this argument. App.R. 12(A)(2). Moreover, as we have previously determined, although the payment history was incomplete, the trial court determined that Deutsche Bank provided evidence of the amount due and owing.

{¶41} Mr. Omar's eighth assignment of error is overruled.

## ASSIGNMENT OF ERROR NINE

THE TRIAL COURT ERRED BY RULING THAT THE ADMISSION OF A LEDGER FOR A MORTGAGE IS PROPER [] IF IT STARTS WITH A ZERO BALANCE[.]

{¶42} In his ninth assignment of error, Mr. Omar argues the trial court erred in determining that an account in a foreclosure action is not required to start at zero. We disagree.

{¶43} The only authority provided by Mr. Omar under this assignment of error is *WUPW TV–36 v. Direct Results Marketing, Inc.*, 70 Ohio App.3d 710 (10th Dist.1990), which he states is the "one case that suggests that it is proper for a [c]ourt in a credit card dispute to accept a latter start on a balance than the beginning balance." Mr. Omar fails, however, to point to any authority in support of his argument. *See* App.R. 16(A)(7). Therefore, we may disregard this argument. App.R. 12(A)(2).

{¶44} Mr. Omar's ninth assignment of error is overruled.

### ASSIGNMENT OF ERROR TEN

THE TRIAL COURT ERRED BY GIVING WEIGHT TO A DEBT VALIDATION LETTER FROM THE PLAINTIFF TO THE DEFENDANT.

{¶45} In his tenth assignment of error, Mr. Omar contends the trial court erred by giving weight to a debt validation letter. We disagree.

{¶46} The trial court noted that Deutsche Bank had sent Mr. Omar a debt validation letter, dated March 4, 2013, indicating that the sum of $357,488.77 was due and owing on the principal of the loan. Mr. Omar appears to argue that because the letter was "self[-]serving," it had no weight as evidence. Mr. Omar fails to point to any authority in support of his argument. *See* App.R. 16(A)(7). As such, we may disregard this argument. App.R. 12(A)(2). Moreover, as we have previously stated, the weight given to the evidence is a matter primarily for the trier of fact to determine. *Lumpkin v. Lumpkin*, 9th Dist. Summit No. 21305, 2003–Ohio–2841, ¶ 20, citing *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 23 (1990).

{¶47} Mr. Omar's tenth assignment of error is overruled.

### ASSIGNMENT OF ERROR ELEVEN

THE TRIAL COURT ERRED BY FINDING THAT EQUITY SUPPORTS A FORECLOSURE IN THIS CASE[.]

{¶48} In his eleventh assignment of error, Mr. Omar argues the trial court erred by finding that equity supported foreclosure. We disagree.

{¶49} In its judgment entry, the trial court determined: "No equitable reason exists to prohibit [Deutsche Bank] from going forward with this foreclosure action. Mr. Omar has lived in the Property since 2012 without making any payments on the loan or paying property taxes." Mr. Omar again raises the issue of incomplete payment records, this time in support of his argument that equity was not served. We find this argument without merit. This Court finds no absence of equity in the trial court's judgment.

{¶50} Mr. Omar's eleventh assignment of error is overruled.

### III.

{¶51} Mr. Omar's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

RANDALL D. WEISSFELD, Attorney at Law, for Appellant.

BROOKE TURNER BAUTISTA, Attorney at Law, for Appellee.